GARDELLA ET UX. v. COMPTROLLER OF THE STATE OF MARYLAND ET AL.

[No. 135, October Term, 1956.]

2

 

*Decided April 8, 1957.*

The cause was argued before BRUNE, C. J., COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*B. Conway Taylor, Jr.,* with whom were *Due, Nickerson, Whiteford & Taylor* on the brief, for appellants.

*Frank T. Gray, Assistant Attorney General,* with whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for appellees.

PRESCOTT, J., delivered the opinion of the Court.

The appellants in this case are husband and wife who filed joint income tax returns for the taxable years involved, 1950, 1951 and 1952. For these years, the appellant Wallis H. Gardella, was a partner in an unincorporated business known as "The Shade Shop" in the District of Columbia. Apparently, there was at least one other partner in the business. The Shade Shop had a place of business within the District and conducted its business entirely from that location. For the years involved, The Shade Shop was liable and paid the District of Columbia Unincorporated Business Franchise Tax provided for in Sections 47-1574 to 47-1574e of the District of Columbia Code.

For the years 1950, 1951 and 1952, the appellants, who were residents of the State of Maryland, filed their Maryland income tax returns, reporting total income from The Shade

Shop, in computing gross income. From the gross income received from The Shade Shop, the appellants first deducted certain personal business expenses and then deducted the amount of income which was taxable under the District of Columbia Unincorporated Business Franchise Tax. The effect of this deduction was to allow the appellants a credit against the Maryland tax to the extent that Maryland would tax the same income which was subject to the District of Columbia Unincorporated Business Franchise Tax. The Comptroller disallowed this credit, and was affirmed by the State Tax Commission. On appeal to the Baltimore City Court, the State Tax Commission was in turn affirmed, and from that decision the appellants have appealed. There is no issue in this case as to the amount of the credit, if it be allowed, but only as to whether the appellants are entitled to the credit claimed.

The sole question involved is whether or not the District of Columbia Unincorporated Business Franchise Tax is an "income tax" upon part of the "net income" of appellants within the meaning of Art. 81, Sec. 286 of the Maryland Code (1951) providing a credit against Maryland income tax for "income tax" upon "net income" due to another State?

Sec. 286 of Art. 81 states, in part, as follows:

> "(Credit Against Tax Allowed Residents.) Whenever a resident individual of this State has become liable for income tax to another State upon such part of his net income for the taxable year as is properly subject to taxation in such State, the amount of income tax payable by him under this sub-title shall be reduced by the amount of the income tax so paid by him to such other State upon his producing to the Comptroller satisfactory evidence of the fact of such payment * * *."

The District of Columbia Unincorporated Business Franchise Tax was, in substance, enacted in its present form in 1947. It is included in the District of Columbia Code and reads, in part, as follows:

4

"Par. 47-1580. Purpose of article.

It is the purpose of this article to impose (1) an income tax upon the entire net income of every resident and every resident estate and trust, and (2) a franchise tax upon every corporation and unincorporated business for the privilege of carrying on or engaging in any trade or business within the District and of receiving such other income as is derived from sources within the District. * * *"

"Par. 47-1574b. Imposition and rate of tax.

For the privilege of carrying on or engaging in any trade or business within the District and of receiving income from sources within the District, there is hereby levied for each taxable year a tax at the rate of 5 per centum upon the taxable income of every unincorporated business, whether domestic or foreign * * *."

We are earnestly urged by the appellant to rule, although this tax in the District of Columbia has been designated by the Congress of the United States as a "franchise tax", and although it is imposed upon "the privilege of carrying on or engaging in any trade or business within the District and of receiving income from sources within the District", and it is imposed upon the entity of an "unincorporated business", that it is in reality an individual income tax. With this request, we are unable to comply. It is true the mere legislative declaration that a tax shall be of a particular character does not make it such, nevertheless, the declaration of the law making power is entitled to much and respectful weight. *Anne Arundel County v. English*, 182 Md. 514, 531, 35 A. 2d 135; *Flint v. Stone Tracy Co.*, 220 U. S. 107, 145. We think, however, this legislative designation is fully justified as the tax is imposed on the privilege of carrying on and engaging in a trade or business in the District of Columbia and of receiving income from sources within said District, and is placed upon the unincorporated entity and not upon the individuals composing that entity.

Although the tax is imposed "upon taxable income" of

the unincorporated business and individual residents of the District, who are members of an unincorporated business, are permitted a reduction on their individual income taxes for payments made of the unincorporated business tax, it is still not an income tax. *Lever Bros. Co. v. Dist. of Columbia* (D. C.), 204 F. 2d 39; *Cooley Taxation* (4th Ed.), Vol. 1, par. 49; *Keasbey & Mattison Co. v. Rothensies* (C. C. A. 3rd), 133 F. 2d 894. Cf. *Underwood Type Co. v. Chamberlain* (Conn.), 108 A. 154. In the *Keasbey case,* the Court said, "The Supreme Court, without advancing any precise definition of the term 'income tax', has unmistakably determined that taxes imposed on subjects other than income, e. g., franchises, privileges, etc., are not income taxes, although measured on the basis of income."

In this last case, it was held in construing a tax credit provision, similar to Maryland's, that a franchise tax, although measured by net income of a particular business, is not an "income tax" for purposes of credit. This involved a construction of the Internal Revenue Code of 1936, Section 131 (a) (1), allowing a credit against Federal income taxes for "the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country". The taxpayer had paid a tax to the Province of Quebec under the Quebec Mining Act. This tax was placed upon the net income allocable to the mining operation itself, and was computed by the gross income received from mining operations in Quebec, less certain defined expenses which the taxpayer had incurred in producing ore from the mine in Quebec, thus arriving at a net income figure which was used as the basis for the tax for which the taxpayer sought credit. The court concluded that the tax was imposed upon the mining privilege exercised in the Province of Quebec and, therefore, was a franchise or excise tax, although measured by net income, and held that the taxpayer was not entitled to the credit claimed.

*Judgment affirmed, with costs.*