610 A.2d 754

**Edward F. ROACH et ux.**

v.

**COMPTROLLER OF THE TREASURY.**

**No. 76, Sept. Term, 1990.**

Court of Appeals of Maryland.

Aug. 20, 1992.

Kerry W. Kircher (Zuckerman, Spaeder, Goldstein, Taylor & Kolker, both on brief), Washington, D.C., for appellants.

Sheldon H. Laskin, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Deborah B. Bacharach, Gaylin Soponis, Asst. Attys. Gen., all on brief), Baltimore, for appellee.

Argued before ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ., and CHARLES E. ORTH, JR., and MARVIN H. SMITH, Judges of the Court of Appeals (retired), Specially Assigned.

ELDRIDGE, Judge.

Maryland Code (1988), § 10–703(a) of the Tax–General Article, provides, with certain exceptions not here relevant, that

> "an individual may claim a credit only against the State income tax for a taxable year in the amount determined under subsection (c) of this section for *tax on income* paid to another state for the year." (Emphasis added).

This appeal presents the question of whether the District of Columbia's tax on unincorporated businesses, D.C.Code Ann. § 47–1808.1 through § 47–1080.7 (1981, 1990 Repl. Vol.), is a "tax on income" under the above-quoted Maryland statute so that the taxpayers in this case are entitled to claim a credit against their Maryland income taxes.

The pertinent facts of this case are not in dispute. The taxpayers, Edward F. Roach and his wife, Josephine D. Roach, are residents of Annapolis, Maryland. Mr. Roach, during the 1986 tax year, was a 50% owner of a District of Columbia partnership called Roach & Seagraves. Pursuant to § 47–1808.1 of the D.C.Code, Mr. Roach paid taxes to the District of Columbia on income he realized through the partnership. On their 1986 joint Maryland income tax return, pursuant to § 10–703 of the Tax–General Article of

the Maryland Code, the Roaches claimed as a credit against
their Maryland income tax the amount of the tax on income
paid to the District of Columbia. The Maryland Comptrol-
ler, however, disallowed the credit, and entered an assess-
ment against the Roaches for unpaid tax, interest and
penalties.

The Maryland Tax Court upheld the Comptroller's assess-
ment solely on the basis of this Court's decision in *Gardella
v. Comptroller,* 213 Md. 1, 130 A.2d 752 (1957). Upon the
Roaches' action for judicial review, the Circuit Court for
Anne Arundel County affirmed the Tax Court's decision,
also relying entirely upon *Gardella.* The Roaches appeal-
ed, and this Court issued a writ of certiorari prior to
argument in the Court of Special Appeals.

Title 47, Ch. 18, subchapter VIII of the D.C.Code, com-
prising §§ 47–1801.1 through 47–1808.7, originally enacted
by the District of Columbia Council as part of the Revenue
Act of 1975,[1] entitled "Tax on Unincorporated Businesses,"
provides in relevant part as follows:

"**§ 47–1808.1.   Tax on unincorporated businesses—Def-
inition.**

"For the purposes of this chapter (not alone of this
subchapter) and unless otherwise required by the context,
the words 'unincorporated business' mean any trade or
business, conducted or engaged in by any individual,
whether resident or nonresident, statutory or common-
law trust, estate, partnership, or limited or special part-
nership, society, association, executor, administrator, re-
ceiver, trustee, liquidator, conservator, committee assign-
ee, or by any other entity or fiduciary, other than a trade
or business conducted or engaged in by any corporation
and include any trade or business which if conducted or

---

**1.** *See Bishop v. District of Columbia,* 401 A.2d 955 (D.C.App.1979),
*affirmed in banc,* 411 A.2d 997 (D.C.App.), *cert. denied,* 446 U.S. 966,
100 S.Ct. 2943, 64 L.Ed.2d 825 (1980).

engaged in by a corporation would be taxable under subchapter VII of this chapter....

\* \* \* \* \* \*

"**§ 47–1808.2.   Same—Definitions.**

"For purposes of this subchapter, the words:

(1) 'Taxable income' mean the amount of net income derived from sources within the District...."

\* \* \* \* \* \*

"**§ 47–1808.3.   Same—Levy and rates.**

"(a) Except as exempted under subchapter II of this chapter, for the privilege of carrying on or engaging in any trade or business within the District and of receiving income from sources within the District, there is levied:

(1) For 1 taxable year beginning after December 31, 1974, a tax at the rate of 12 per centum upon the taxable income of every unincorporated business, whether domestic or foreign;

(2) For the taxable years beginning after December 31, 1975, a tax at the rate of 9 per centum upon the taxable income of every unincorporated business, whether domestic or foreign, except that, effective October 1, 1984, the rate of tax shall be 10 per centum upon the taxable income for any taxable period;  and

(3) A surtax on the tax determined under paragraph (2) of this subsection at the following rates

\* \* \* \* \* \*

"**§ 47–1808.5.   Same—Persons liable for payment.**

"The taxes imposed by § 47–1808.3 shall be payable by the person or persons, jointly and severally, conducting the unincorporated business.  The taxes imposed under this subchapter may be assessed in the name of the unincorporated business or in the name or names of the person or persons liable for the payment of such taxes, or both."

Thus, the tax imposed by the above-quoted statutory provisions applies to partnerships, and an individual partner is liable for the tax.  The tax is a percentage of "taxable

income" which is defined as "net income derived from sources within the District."

In *Gardella v. Comptroller, supra,* 213 Md. 1, 130 A.2d 752, this Court examined a prior District of Columbia unincorporated business tax which was substantially similar to the present tax on unincorporated businesses. Our predecessors concluded in *Gardella* that the tax was a franchise tax and not an income tax and that, therefore, a Maryland taxpayer, who was a partner in a District of Columbia business, was not entitled to a credit against his Maryland income tax for the tax paid to the District of Columbia. The *Gardella* opinion relied upon the District of Columbia's characterization of the tax, set forth in the statutory language, as a "franchise tax" which is "imposed on the privilege of carrying on and engaging in a trade or business in the District of Columbia and of receiving income from sources within said District...." *Gardella v. Comptroller, supra,* 213 Md. at 4, 130 A.2d at 753. The Court in *Gardella* stated that, while a jurisdiction's "declaration that a tax shall be of a particular character does not make it such, nevertheless, the declaration of the law making power is entitled to much and respectful weight." *Ibid.* Although acknowledging that the tax was imposed on "taxable income," the *Gardella* opinion concluded that merely because a franchise tax is measured by a business's income does not make it an income tax. 213 Md. at 4–5, 130 A.2d at 754.

As previously indicated, the statute involved in the *Gardella* case was replaced by provisions of the District of Columbia Revenue Act of 1975. The subchapter of the 1975 statute imposing a tax on unincorporated businesses was before the District of Columbia Court of Appeals in *Bishop v. District of Columbia,* 401 A.2d 955 (D.C.App.1979), *affirmed en banc,* 411 A.2d 997 (D.C.App.), *cert. denied,* 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825 (1980). The taxpayers in the *Bishop* case were a Maryland resident and a Virginia resident, both of whom practiced law in the District of Columbia. The earlier District of Columbia unincorporated business tax had contained a "professional exemption,"

but the Revenue Act of 1975 repealed the exemption, "thereby allowing the District of Columbia to impose an unincorporated business tax upon unincorporated professionals and personal service businesses." *Bishop v. District of Columbia, supra,* 401 A.2d at 955. Congress in the District of Columbia Home Rule Act, however, had prohibited the District of Columbia Council from enacting a so-called commuter tax, *i.e.,* an income tax on the personal income of nonresidents working in the District of Columbia. Thus D.C.Code (1978 Supp.), § 1–147(a)(5), provided that "the Council shall have no authority to

\*      \*      \*      \*      \*      \*

(5) impose any tax on the whole or any portion of the personal income, either directly or at the source thereof, of any individual not a resident of the District."

The taxpayers in *Bishop* argued, *inter alia,* that the unincorporated business tax was an income tax and that, therefore, as applied to them it was invalid under the Home Rule Act. The District of Columbia government, on the other hand, insisted that the unincorporated business tax was a franchise tax, and, as such, was not precluded by the Home Rule Act. As stated by the *Bishop* court, 401 A.2d at 956, "[t]he question is whether [the unincorporated business tax] imposes a tax on the personal income of nonresidents or whether the tax is levied on something other than income (*e.g.,* the privilege of doing business in the District)."

The District of Columbia Court of Appeals held in *Bishop* that the unincorporated business tax was an income tax and not a franchise tax. Initially, the court stated "that the nature and effect of a tax ... determine if it is an income tax or not." 401 A.2d at 958, citing *Dawson v. Kentucky Distilleries,* 255 U.S. 288, 292, 41 S.Ct. 272, 274, 65 L.Ed. 638, 645 (1921). The *Bishop* opinion pointed out that numerous jurisdictions have "styled their tax a franchise tax only to have the courts intercede to reclassify the tax." 401 A.2d at 959, citing *Gaulden v. Kirk,* 47 So.2d 567, 574–575 (Fla.1950); *State ex rel. v. Keller,* 140 Fla. 346, 348–349, 191 So. 542, 547–548 (1939); *Commissioners of Sinking*

*Fund v. Howard,* 248 S.W.2d 340, 342–343 (Ky.1952), *aff'd,* 344 U.S. 624, 73 S.Ct. 465, 97 L.Ed. 617 (1953); *City of Louisville v. Sebree,* 308 Ky. 420, 428, 214 S.W.2d 248, 253 (1948); *Carter Carburetor Corp. v. City of St. Louis,* 356 Mo. 646, 658, 203 S.W.2d 438, 440 (1947). The Court of Appeals in *Bishop* then emphasized that the unincorporated business tax was a tax upon the net income of the taxpayer instead of upon the gross receipts, and that the purpose and incidents of the tax were the same as those of income taxes generally and not the same as those of franchise taxes, 401 A.2d at 959–960. The court rejected the government's argument "that this tax is a tax on the right to earn income in the District," because it is not levied on "any act of earning income" but only on net income, *id.* at 960–961. The court went on to point out that the federal Commissioner of Internal Revenue had consistently ruled that the tax was an income tax, that it "is levied upon personal income," and that the individual is personally liable for the payment of the tax, *id.* at 961. Concluding that the "tax, by its very terms, is a tax on net income," *id.* at 960, the court held "that the professional tax here at issue is an invalid exercise of the City Council's legislative authority under the Home Rule Act." *Id.* at 961.

In light of the *Bishop* case, applying this Court's rationale in *Gardella v. Comptroller, supra,* 213 Md. at 4, 130 A.2d at 753, leads to a decision which is opposite from the result in *Gardella.* As previously discussed, the ruling in *Gardella* was based upon giving "much and respectful weight" to the District of Columbia's "declaration that [the] tax shall be of a particular character." The *Gardella* Court relied on the declaration, then set forth in the District of Columbia statutory language, that the unincorporated business tax was a "franchise tax" which is "imposed on the privilege of carrying on and engaging in a trade or business in the District of Columbia...."

If, however, we follow *Gardella's* approach and rely upon the District of Columbia's characterization of its present unincorporated business tax, we take that charac-

terization from the interpretation of the statute by the highest court of the District of Columbia.[2] While the nature of another jurisdiction's statute for purposes of Maryland law is for this Court to decide, nevertheless, to the extent that we rely on the other jurisdiction's characterization of its statute in deciding that issue of Maryland law, we take the statute with whatever interpretative gloss has been placed upon it by the highest court of the other jurisdiction. This principle was set forth long ago by Chief Justice Marshall for the Supreme Court in *Elmendorf v. Taylor*, 10 Wheat. 152, 159–160, 6 L.Ed. 289, 292 (1825), dealing with a Kentucky statute:

"This Court has uniformly professed its disposition, in cases depending on the laws of a particular State, to adopt the construction which the Courts of the State have given to those laws. This course is founded on the principle, supposed to be universally recognised, that the judicial department of every government, where such department exists, is the appropriate organ for construing the legislative acts of that government. Thus, no Court in the universe, which professed to be governed by principle, would, we presume, undertake to say, that the Courts of Great Britain, or of France, or of any other nation, had misunderstood their own statutes, and therefore erect itself into a tribunal which should correct such misunderstanding. We receive the construction given by the Courts of the nation as the true sense of the law, and feel ourselves no more at liberty to depart from that construction, than to depart from the words of the statute. On this principle, the construction given by this Court to the constitution and laws of the United States is received by all as the true construction; and on the same principle, the construction given by the Courts of the

---

2. In the District of Columbia Court Reform and Criminal Procedure Act of 1970, 84 Stat. 475, D.C.Code Ann. § 11–102 (1981, 1989 Repl. Vol.), Congress provided that "[t]he highest court of the District of Columbia is the District of Columbia Court of Appeals." *See Palmore v. United States*, 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973).

several States to the legislative acts of those States, is received as true, unless they come in conflict with the constitution, laws, or treaties of the United States. If, then, this question has been settled in Kentucky, we must suppose it to be rightly settled."

*See R.A.V. v. City of St. Paul,* — U.S. —, —, 112 S.Ct. 2538, 2542, 120 L.Ed.2d 305, — (1992) ("In construing the St. Paul ordinance, we are bound by the construction given it by the Minnesota court"). This Court has applied the same principle. *See, e.g., White v. King,* 244 Md. 348, 356–358, 223 A.2d 763, 768–769 (1966); *Smith v. Mercantile Trust Co.,* 199 Md. 264, 281, 86 A.2d 504, 511–512 (1952); *Heyn v. Fidelity Trust Company,* 174 Md. 639, 658, 1 A.2d 83, 87 (1938); *Zell v. Safe Dep. & Trust Co.,* 173 Md. 518, 196 A. 298, 301–302 (1938). *See also Bishop v. Twiford,* 317 Md. 170, 171, 562 A.2d 1238, 1239 (1989); *Hauch v. Connor,* 295 Md. 120, 121, 453 A.2d 1207, 1208 (1983); *Harford Mutual v. Bruchey,* 248 Md. 669, 672 n. 1, 238 A.2d 115, 116 n. 1 (1968); *Holloway v. Safe Dep. & Tr. Co.,* 151 Md. 321, 327, 134 A. 497, 498–499, *appeal dismissed,* 274 U.S. 724, 47 S.Ct. 762, 71 L.Ed. 1329 (1926).

The Comptroller in the present case argues that the *Bishop* opinion was "in error" and that the language of the D.C.Code shows that the District of Columbia views its unincorporated business tax as a franchise tax (brief, pp. 5–6, 9). But, as emphatically pointed out by the Chief Justice in *Elmendorf v. Taylor, supra,* 10 Wheat. at 159, 6 L.Ed. at 292, "no Court in the universe, which professed to be governed by principle, would, we presume, undertake to say that the Courts of [another jurisdiction] ... had misunderstood their own statutes, and therefore erect itself into a tribunal which should correct such misunderstanding." We shall not undertake to say that the highest court of the District of Columbia misunderstood a District of Columbia statute.

Recently the Supreme Court of Virginia decided the identical issue presented in the case at bar, *King v. Forst,* 239 Va. 557, 391 S.E.2d 60 (1990). The Supreme Court of

Virginia held that the District of Columbia unincorporated business tax was an income tax, not a franchise tax, and that a Virginia taxpayer was entitled to a credit against his Virginia income tax for the amount of tax paid to the District of Columbia. In reaching this decision, the Virginia court specifically relied upon the principle that the interpretation of a particular jurisdiction's statute by the highest court of that jurisdiction should be followed by the courts of another jurisdiction. The court quoted Chief Justice Marshall's statement in *Elmendorf v. Taylor, supra,* 10 Wheat. at 159, 6 L.Ed. at 292, to this effect, as well as numerous other authorities. *King v. Forst, supra,* 239 Va. at 560–561, 391 S.E.2d at 62. The Virginia court thus applied the interpretation and characterization of the District of Columbia tax statute by the highest court of the District of Columbia in the *Bishop* case.[3]

---

3. The Comptroller, in his brief in the case at bar, argues that the Supreme Court of Virginia's decision in *King v. Forst* was based upon the Full Faith and Credit Clause of the United States Constitution, Article IV, § 1, cl. 1, and that the Virginia court erroneously invoked the Full Faith and Credit Clause because the meaning and application of the tax credit provision of the Virginia income tax law was an issue of Virginia law to be determined by the Virginia Court. (Comptroller's brief, p. 9 n. 6, pp. 13–17.) In our view, however, the opinion of the court in *King v. Forst* was not based on the Full Faith and Credit Clause. The words "Full Faith and Credit" do not appear in the court's opinion, and the Clause was not cited by the court. In fact, the United States Constitution was not mentioned. Moreover, the Supreme Court of Virginia's principal reliance was Chief Justice Marshall's statement in *Elmendorf v. Taylor, supra,* 10 Wheat. at 159, 6 L.Ed. at 292. The Chief Justice's statement was obviously based on principles of comity and not on the Full Faith and Credit Clause, as he specifically referred to the interpretations of statutes of other nations by the courts of those nations. In addition, none of the other cases cited by the Supreme Court of Virginia relied on the Full Faith and Credit Clause. As to the matter of Virginia law, the court in *King v. Forst, supra,* 239 Va. at 559, 391 S.E.2d at 61, appeared to say that the parties did not dispute the meaning of Virginia law and that the only dispute concerned the District of Columbia's interpretation of its own statute.

The dissent in *King v. Forst* did mention the Full Faith and Credit Clause, as well as "notions of comity," as possible bases for the majority's opinion, 239 Va. at 562, 391 S.E.2d at 63. The principle invoked by the dissent was that the meaning and application of the

■ In sum, the District of Columbia, by its highest court, interprets and characterizes its unincorporated business tax as an income tax and not a franchise tax. According to the *Bishop* case, the tax is one imposed on net income earned in the District of Columbia, and its purposes are the same as the purposes of any other income tax. Therefore, applying the approach taken in *Gardella v. Comptroller, supra,* leads to the conclusion that the District's unincorporated business tax is an income tax and that the taxpayers in the present case should have been granted the credit provided for in Maryland Code (1988), § 10–703 of the Tax–General Article.

In addition to the District of Columbia characterizing its unincorporated business tax as an income tax, both the nature of that tax and purpose of § 10–703 of the Tax–General Article confirm that the taxpayers in this case are entitled to the credit.

The Comptroller in his brief conceded, as he must, that the District of Columbia tax is upon the taxpayer's "net income" (brief, p. 6). Under D.C.Code § 47–1808.5, the tax is imposed upon and payable by the individual earning the net income within the District of Columbia. At oral argument before us, the Comptroller also acknowledged that the District of Columbia tax return is filed by and the tax is paid by the individual engaged in the District of Columbia business. Regardless of labels, these are characteristics of an income tax. Furthermore, residents of the District of Columbia are permitted to exclude from their gross income,

---

Virginia tax statute was an issue of Virginia law for the Virginia court, and that, as a matter of Virginia law, there should be no credit for the tax paid to the District of Columbia.

We have no disagreement with the principle invoked by the dissent in *King*. In the instant case, we agree that whether the District of Columbia tax is a "tax on income" for purposes of Maryland Code (1988) § 10–703 of the Tax–General Article, is a question of Maryland law for this Court. Nonetheless, to the extent that the issue of Maryland law is to depend upon the District of Columbia's interpretation and characterization of its own tax, we accept the interpretation and characterization from the *Bishop* case instead of concluding that *Bishop* mischaracterized the District of Columbia statute.

for purposes of their personal income taxes, any net income subject to the unincorporated business tax. D.C.Code § 47–1803.2(a)(2)(D). This also indicates that the District of Columbia unincorporated business tax is just another form of income tax.

The obvious purpose of the credit granted by § 10–703 of the Tax–General Article is to avoid double taxation on the same income. *See Reiling v. Lacy,* 93 F.Supp. 462, 470–471 (D.Md.1950), *appeal dismissed,* 341 U.S. 901, 71 S.Ct. 614, 95 L.Ed. 1341 (1951). To disallow the credit under the circumstances of this case cannot be squared with this legislative purpose.

Section 10–703 of the Tax–General Article does not require, as a condition for the tax credit, that the other jurisdiction's tax be an income tax in any particular form or be labeled "income tax" or be exclusively an "income tax."[4] It simply requires that there be "tax on income paid to another State...." Under the plain language of the Maryland statute, the taxpayers here have paid a "tax on income" to the District of Columbia.

The District of Columbia's interpretation and characterization of its unincorporated business tax, the nature of that tax, and the purpose of the Maryland tax credit provisions, all lead to the conclusion that the District of Columbia unincorporated business tax is a "tax on income paid to

---

**4.** As pointed out by the District of Columbia Court of Appeals in *Bishop,* 401 A.2d at 959–960, quite often statutes label a tax as a "franchise tax" or purport to give it certain characteristics of a franchise tax, but courts hold that in substance the tax is also an income tax. In addition to cases previously cited, *see, e.g., Md. Nat'l Bank v. St. Dep't of Assess.,* 57 Md.App. 269, 273, 469 A.2d 907, 909 *cert. denied,* 299 Md. 656, 474 A.2d 1344 (1984) ("franchise tax when measured on income is one of many 'income taxes'"); *People v. Knapp,* 230 N.Y. 48, 52–53, 129 N.E. 202, 203, 205 (1920) (per Cardozo, J.: tax labeled a "franchise" tax and imposed "for the privilege of doing business," but computed on net income, "must be held in practical operation to be a tax upon the income"); *People v. Graves,* 259 App.Div. 30, 18 N.Y.S.2d 418 (1940) (unincorporated business tax is an income tax).

another state" within the meaning of § 10–703(a) of the Tax–General Article.

JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE DECISION OF THE TAX COURT AND REMAND THE CASE TO THE TAX COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. APPELLEE TO PAY COSTS.