**DISTRICT OF COLUMBIA, Appellant**

v.

**Joseph A. CALIFANO, Jr.,
et al., Appellees.**

**Nos. 92–TX–1321, 92–TX–1327
and 92–TX–1336.**

District of Columbia Court of Appeals.

Argued Jan. 13, 1994.

Decided Sept. 15, 1994.

Lutz Alexander Prager, Asst. Deputy Corp. Counsel, with whom John Payton, Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Coun-

sel, Washington, DC, were on the brief, for appellant.

David C. Garlock, Washington, DC, for appellees.

Before TERRY and KING, Associate Judges, and BELSON, Senior Judge.*

TERRY, Associate Judge:

■ These three cases, consolidated on appeal, present a single question: whether appellees were entitled, under D.C.Code § 47–1806.4(a) (1990), to credit the amounts they paid in New York under the New York City Unincorporated Business Tax against their District of Columbia income taxes. The trial court granted summary judgment for appellees, ruling that they were eligible for the credit and could lawfully claim it. The District of Columbia appeals from that judgment. We affirm.

I

The facts have been stipulated and are not in dispute. The parties also agree that the legal issues raised by these three appeals are the same and that the only difference among the three cases is in the amount of taxes, interest, and penalties at issue in each case.

The appellees are Joseph A. Califano, Jr., W. Clark McFadden, II, and Felix B. Laughlin and their wives, Hilary P. Califano, Mary E. Wagner, and Betty G. Laughlin. At all relevant times, they were all residents of the District of Columbia. The three husbands were partners in the law firm of Dewey, Ballantine, Bushby, Palmer & Wood ("Dewey Ballantine"). All three worked in the Washington office of Dewey Ballantine, which has its headquarters in New York.

As a partnership organized under New York law, Dewey Ballantine is subject to New York City's Unincorporated Business Tax ("U.B.T."), N.Y.C. ADMIN.CODE §§ 11–503(a), 11–508(a) (1985).[1] At Dewey Ballan-

* Former Chief Judge Rogers was a member of the division that heard oral argument in this case. After her departure from the court, Judge Belson was selected by lot to replace her.

1. Section 11–503(a) provides, in pertinent part:

A tax at the rate of four percent is hereby imposed for each taxable year ... on the unincorporated business taxable income of every unincorporated business wholly or partly carried on within the city. This tax shall be in addition to any other taxes imposed.

tine each partner has a certain number of shares in the partnership. The partners' compensation is a function of each partner's "sharing percentage" and does not depend on the source of the funds or the partner's residence or domicile. As partners earn, so do they pay: each partner's share of the total New York U.B.T. paid by Dewey Ballantine is the same as his or her sharing percentage. For the years 1987, 1988, and 1989, the tax years at issue here, appellees' shares of the New York U.B.T. totaled almost $87,000.

Appellees sought to have their New York U.B.T. payments credited against their District of Columbia income taxes under D.C.Code § 47–1806.4(a), but the District denied their requests for a tax credit and granted them only a tax deduction. Appellees then filed a petition in the Tax Division of the Superior Court challenging the assessment of taxes against them. On cross-motions for summary judgment, the court granted judgment for the appellees, holding that they were entitled to a credit on their District of Columbia income tax returns in the amount of the New York U.B.T. that each of them had paid. From that order the District of Columbia has brought this appeal.

## II

The issue before us is whether appellees' payment of the New York U.B.T. meets the criteria for a tax credit set out in the District of Columbia tax code. D.C.Code § 47–1806.-4(a) provides, in pertinent part:

> The amount of tax payable under this subchapter by a resident of the District in respect to the taxable year shall be reduced by a credit equal to the amount of individual income tax such individual is

required to pay and, in fact, has paid to any state ... of the United States, or political subdivision thereof ... upon income attributable to such state ... for such taxable year or portion thereof while concurrently a resident of the District.

The District advances two reasons why appellees should not be deemed eligible for a credit under section 47–1806.4(a). First, says the District, the New York U.B.T. is not an "individual income tax"; second, appellees were not "required" to pay the New York U.B.T. We find no merit in either argument.

### A. *Is the New York U.B.T. an "individual income tax"?*

Both of the District's arguments seek to counter appellees' heavy reliance on *Bishop v. District of Columbia*, 401 A.2d 955 (D.C. 1979), *aff'd en banc*, 411 A.2d 997, *cert. denied*, 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825 (1980). Appellees acknowledged at oral argument that their success depends on the applicability of *Bishop* to this case, but they maintain that *Bishop* resolves this appeal in their favor. The District responds that *Bishop* is inapposite because it focused on the District's power to tax and did not address the meaning of the term "individual income tax." We agree that *Bishop* governs this case and that it supports appellees' position.

*Bishop* involved a challenge to the District's own unincorporated business tax, D.C.Code § 47–1574 (1973),[2] after that tax was extended to apply to unincorporated professionals, including law firms.[3] Bishop, an attorney who worked in the District but lived in Virginia, challenged the tax as a violation

Section 11–508(a) provides, in pertinent part: If an unincorporated business is carried on both within and without the city ... there shall be allocated to the city a fair and equitable portion of the excess of its unincorporated business gross income over its unincorporated business deductions.

**2.** For the current version of the District's unincorporated business tax, *see* D.C.Code § 47–1808.1 *et seq.* (1990).

**3.** Since the en banc opinion does not bear directly on the issues presented in the case at bar, our discussion here focuses on the division opinion

in *Bishop*, which was adopted by the en banc court. *See Bishop v. District of Columbia*, 411 A.2d 997, 998 (D.C.1980) (en banc) ("[t]he division opinion, vacated June 11, 1979, is hereby reinstated and, with this elaboration, constitutes the en banc opinion of the court"). The purpose of the en banc opinion was to "underscore the division opinion's holding with several instructive comments from the legislative history of the Home Rule Act that were drawn to our attention en banc; we also emphasize the limits of that holding [with respect to other District of Columbia tax laws]." *Id.* at 997.

of the Home Rule Act.[4] Specifically, Bishop argued that the District's U.B.T. violated D.C.Code § 1–233(a)(5), part of the Home Rule Act, which bars the District of Columbia from imposing a "tax on ... the personal income" of nonresidents. The court identified the issue presented as "whether § 47–1574 imposes a tax on the personal income of nonresidents," in which case it would violate the Home Rule Act, "or whether the tax is levied on something other than income," in which case it would be valid. *Bishop, supra,* 401 A.2d at 956.

For guidance on this issue, the court in *Bishop* examined cases from other jurisdictions. It noted that decisions from Maryland and Virginia were in conflict about whether an unincorporated business tax was an income tax. Maryland case law[5] held that such a tax was not an income tax; Virginia case law[6] held that it was. After also considering New York case law, the court ultimately adopted the view of "New York and Virginia," *id.* at 960,[7] and characterized the District's U.B.T. as an income tax. In addition, as we shall discuss hereafter, the court ruled that the District of Columbia U.B.T. was a personal income tax.

We begin with the District's contention that the New York U.B.T. is not an "individual income tax." Its argument is twofold. First, the District asserts that the New York law taxes partnership income, not individual income. Second, the District maintains that "individual income tax" is a term of art and that the New York U.B.T. does not fall within the narrow meaning of that term. We are not persuaded.

D.C.Code § 47–1801.4(4) defines "individual" as including "all natural persons (other than fiduciaries) whether married or unmar-

ried." Because a partnership is not a "natural person," says the District, the New York tax cannot be an *individual* income tax, even though it is concededly an income tax.[8] The District states this argument thus in its brief:

> In order to receive credit under [section 47–1806.4(a)], the District resident must have paid (and been required to pay) a foreign income tax on an *individual* return. A New York City partnership tax paid by Dewey Ballantine does not qualify as the Califanos' "individual income tax," or the McFaddens', or the Laughlins'. [Emphasis in original.]

This argument overlooks the fact that the New York U.B.T. is an income tax assessed on the individuals who comprise the partnership. In *Bishop* we observed that the District of Columbia U.B.T. was an income tax "levied upon *personal income ....* To the extent that we deal with individuals who are professionals and are not protected by the corporate veil, *we must find that the tax burdens the taxpayer personally.*" 401 A.2d at 961 (emphasis added). The opinion explained in a footnote that "[s]ince the tax is on unincorporated businesses, [it] is therefore *in reality a tax on the associates or partners who run the business ....*" *Id.* at 961 n. 18 (citation omitted; emphasis added). Because the New York U.B.T. operates the same way, we hold that it, like the District of Columbia U.B.T., is an income tax on the appellees as individuals and, in the language of *Bishop,* burdens them personally. This holds true even though appellees filed no individual income tax returns in New York when they (through Dewey Ballantine) paid the New York U.B.T., for nothing in our statute suggests that a taxpayer must file an

---

**4.** District of Columbia Self–Government and Governmental Reorganization Act, Pub.L. No. 93–198, 87 Stat. 774 (1973) (codified in part in scattered sections of Title 1, D.C.Code).

**5.** *Gardella v. Comptroller of Maryland,* 213 Md. 1, 130 A.2d 752 (1957). *Gardella* was later overruled, however, in *Roach v. Comptroller of the Treasury,* 327 Md. 438, 610 A.2d 754 (1992).

**6.** *Groom v. Forst,* At Law No. 18809 (March 30, 1978) (*aff'd on reh'g* (October 23, 1978). *See also King v. Forst,* 239 Va. 557, 391 S.E.2d 60 (1990).

**7.** The New York cases cited by the court in *Bishop* were *People ex rel. Froelick v. Graves,* 259 App.Div. 30, 18 N.Y.S.2d 418 (1940), and *People ex rel. Alpha Portland Cement Co. v. Knapp,* 230 N.Y. 48, 129 N.E. 202 (1920).

**8.** The parties stipulated in the trial court that the New York U.B.T. was an income tax.

individual tax return in another jurisdiction in order to claim a tax credit.

The District also asserts that the phrase "individual income tax" in the D.C.Code § 47–1806.4(a) "is a term of art, not a generic label which can be slapped on any tax or (even) any income tax." Therefore, says the District, even if the New York U.B.T. is deemed to be a tax on individuals, it still is not an "individual income tax" because that is a "term of art" that does not include the New York U.B.T. According to the District, *Bishop* "has no relevance" because it says nothing about the statutory phrase "individual income tax" and because it concerns the Home Rule Act, not the tax code. As the District states in its brief:

> There is a wide chasm between the language of the congressional prohibition on taxing "the whole or any portion of the personal income, either directly *or at the source thereof*" and a routine tax provision that grants a credit only for "an individual income tax" that is "required to be paid" by a District resident. The Home Rule Act language was *intentionally broad* to prevent the District from skirting the congressional prohibition on a "commuter tax." By contrast, [D.C.Code § 47–1806.4(a) ] is an ordinary tax statute which uses tax terms of art. [Emphasis in original.]

These arguments are misplaced. The suggestion that *Bishop* lacks the rigor imposed by "tax terms of art" is simply wrong; the *Bishop* opinion itself employed those tools. At one point, for example, the opinion states, "*In terms of art*, Congress' proscription [in the Home Rule Act] meant that no commuter tax could be levied on net income." *Bishop, supra,* 401 A.2d at 958 (footnote omitted; emphasis added).[9]

In challenging appellees' reliance on *Bishop,* the District strives to distinguish between an "individual income tax" and an income tax

"levied upon personal income." Thus the District refrains from arguing that the New York U.B.T. is not an income tax; rather, the District emphasizes that the New York U.B.T. is not an "*individual* income tax" and maintains that *Bishop* is inapposite because it does not analyze the term "individual income tax"; indeed, the words "individual income tax" appear nowhere in *Bishop.* But the assertion that "individual income tax" is a term of art with a narrow, specialized meaning is not supported by any authority. Indeed, the argument is undermined by the lack of any statutory definition of this supposed term of art.[10] Nor does the tax code consistently use the term "individual income tax." For example, it states, "The Mayor may require satisfactory proof of the payment of such *income taxes* to another jurisdiction." D.C.Code § 47–1806.4(a) (emphasis added). The District of Columbia's "term of art" argument, in our view, is unconvincing.

Appellees argue that because the District has not distinguished the New York U.B.T. from the District of Columbia U.B.T., we should hold that the New York U.B.T. is an income tax imposed upon taxpayers individually just as the District's U.B.T. was held to be in *Bishop.*[11] Appellees conclude that they are entitled to the tax credit authorized by D.C.Code § 47–1806.4(a) because they meet the statutory criteria. We agree. Although *Bishop* did focus on the validity of the District's U.B.T. under the Home Rule Act, the court could not have reached that issue without first analyzing the nature of the District's U.B.T. *Bishop* did not say that the District's U.B.T. was an "individual income tax," but it did hold that the District's U.B.T. "burdens the taxpayer personally." *Bishop, supra,* 401 A.2d at 961. Moreover, D.C.Code § 47–1801.4(4) defines "individual" as including "all natural persons (other than fiduciaries) whether married or unmarried," thus bridging any apparent gap between an "individual

---

**9.** *The omitted footnote states:*

> Absent a succinct statement of congressional intent to the contrary, we interpret the words "impose a tax on the personal income of … nonresidents" by reference to their technical meaning as accepted by the courts, legislatures and the tax bar.

401 A.2d at 958 n. 10.

**10.** By contrast, the "General definitions" section, D.C.Code § 47–1801.4, which goes on for more than four pages and contains thirty-two definitions, defines both "person" and "individual."

**11.** The New York courts have held that the New York U.B.T. is an income tax. *See Byrn v. Chu,* 105 A.D.2d 963, 963–64, 482 N.Y.S.2d 102, 103 (1984) (citing cases).

income tax" and an income tax falling on the "personal income" of an individual.

We conclude that the term "individual income tax" cannot rationally denote anything other than an income tax paid by an individual. The New York U.B.T. at issue in this case was paid by these individual appellees. Thus we hold, guided by *Bishop*, that appellees meet the criteria for a tax credit set forth in D.C.Code § 47–1806.4(a).

### B. Were appellees "required" to pay the New York U.B.T.?

The District also contends that appellees are not entitled to a tax credit because they were not "required" to pay the New York U.B.T. This contention is doubly flawed. First, the District waived it by not asserting it below. Second, even if the point had been properly preserved for appellate review, this argument is merely a variation on the argument that the New York U.B.T. is not an individual income tax, which we have already discussed and rejected.

■ We first address the issue of waiver. It is a well established principle of appellate review that arguments not made at trial may not be raised for the first time on appeal. *See, e.g., Chase v. Gilbert*, 499 A.2d 1203, 1209 (D.C.1985); *Miller v. Avirom*, 127 U.S.App.D.C. 367, 369–70, 371, 384 F.2d 319, 321–322, 323 (1967). "A court deviates from this principle only in exceptional situations and when necessary to prevent a clear miscarriage of justice apparent from the record." *Williams v. Gerstenfeld*, 514 A.2d 1172, 1177 (D.C.1986) (citations omitted). We see no actual or potential miscarriage of justice here. Because the District's argument that appellees were not "required" to pay the New York tax was not made below, we hold that it was waived and cannot now be considered.

But even if it had not been waived, it still would fail. The District argues that appellees did not really have to pay the New York U.B.T. because their partners in New York could have paid their share of the tax. To the District, the fact that appellees paid the New York tax is irrelevant; the partnership could have been structured in such a way as to relieve appellees of the obligation to pay

that tax. Thus, the District contends, appellees really were not "required" by law to pay the New York U.B.T.

This is just a slightly modified version of the District's argument that the New York U.B.T. is not an individual income tax. Because unincorporated business taxes are taxes on the partners themselves, as we held in *Bishop*, 401 A.2d at 961 n. 18, it is the individual partners who are "required" to pay those taxes. Moreover, as appellees point out, the partnership law of New York makes *all* Dewey Ballantine partners jointly and severally liable for *all* of the partnership's debts and liabilities—including the New York U.B.T. *See* N.Y. PARTNERSHIP LAW § 26 (McKinney 1988). Thus appellees potentially were required to pay the *entire* New York U.B.T. owed by the partnership. Under the partnership agreement, however, appellees paid only a percentage of Dewey Ballantine's New York U.B.T., the same percentage as their share of partnership earnings. To say that appellees did not have to pay the New York U.B.T. because some other partner or partners would be saddled with their unpaid share if they failed to pay ignores the fact that appellees' refusal to pay their share of the New York tax would affect their ability to draw the same proportionate share of the partnership income.

### III

We hold that the New York unincorporated business tax is an individual income tax that appellees were required to pay and did pay. They are entitled to a credit on their District of Columbia income taxes under D.C.Code § 47–1806.4(a). The judgment of the Superior Court is therefore

*Affirmed.*