**DISTRICT OF COLUMBIA, Appellant,**

v.

**Kenneth BENDER, et al., Appellees.**

**Nos. 06–TX–255, 06–TX–294.**

District of Columbia Court of Appeals.

Argued June 28, 2006.
Decided Aug. 24, 2006.

*Williams Packing* test. *Id.* at 378, 104 S.Ct. 1107.

James C. McKay, Jr., Senior Assistant Attorney General for the District of Columbia, with whom Robert J. Spagnoletti, Attorney General for the District of Columbia, and Todd S. Kim, Solicitor General, were on the brief, for appellant.

Gerald H. Sherman, with whom Richard S. Marshall and David H. Dickieson, Washington, D.C., were on the brief, for appellees.

Before WASHINGTON, Chief Judge, FISHER, Associate Judge, and BELSON, Senior Judge.

BELSON, Senior Judge:

Appellant District of Columbia appeals from the trial court's March 8, 2006, decision that granted appellee taxpayers' Cross–Motion for Summary Judgment and its subsequent order of March 24, 2006, granting appellees a refund of unincorporated business franchise taxes ("UB Taxes") paid in the amount of $241,815. We disagree with the trial court's holding that Title 47, D.C.Code Enactment Act of 1996 ("Enactment Act of 1996") violated the provisions of the Home Rule Act by permitting the Council of the District of Columbia to impose the UB Tax on the personal income of a real estate partnership's nonresident partners, and reverse.

## I.

### Background

Appellees, residents of the states of Montana, Florida, and Maryland, are partners in four partnerships which generate rental income from real estate located in the District of Columbia. Appellees paid UB Tax totaling $241,815 for the calendar years ending December 31, 1999–2000, and the fiscal years ending September 30, 2000–2002, for the four real estate partnerships. Appellees' timely refund claims for these periods were denied, and the District of Columbia Office of Tax Appeals denied their subsequent appeals. Appellees then filed suit in the Superior Court of the District of Columbia seeking refunds of the amounts paid. Both parties filed motions for summary judgment. The Superior Court granted appellees' motion for summary judgment and denied appellant's motion for summary judgment. The trial court held that the UB Tax could not be imposed on any unincorporated business income if "that net income is to be distributed to the nonresidents directly and personally" because the Enactment Act of 1996 "carried forward the prohibiting effect of [the] Home Rule Act['s]" ban on the taxation of personal income of nonresidents of D.C. This timely appeal followed.

## II.

### The Status of the Law Applicable in the District of Columbia

#### A. District of Columbia Income and Franchise Act of 1947

Congress enacted the District of Columbia Revenue Act of 1947 which, *inter alia*, imposed an income tax on D.C. residents and resident estates and trusts and "a franchise tax upon every corporation and unincorporated business for the privilege of carrying on or engaging in any trade or business within the District and of receiving such other income as is derived from sources within the District. . . ." District of Columbia Income and Franchise Tax Act of 1947, Pub.L. No. 80–195, ch. 258, 61 Stat. 328, 349 (codified at D.C.Code § 47–1810.01(a)(2) (2001)) (hereinafter "Tax Act of 1947"). It specifically provided that "for the purposes of this article . . . the words 'taxable income' mean . . . that portion of the entire net income of every nonresident which is subject to tax under title VIII of this article [Tax on Unincorporated Businesses]." 61 Stat. at 643. Congress initially set the tax rate at 5.0% per annum and raised it several times. 61 Stat. at 346. In addition, Congress established that the UB Tax would "be payable by the person or persons, jointly and severally, conducting the unincorporated business. The taxes . . . may be assessed in the name of the unincorporated business or in the name or names of the person or persons liable for the payment of such taxes, or both." 61 Stat. at 346 (codified at D.C.Code § 47–1808.05 (2001)).

#### B. The Home Rule Act

In 1973, Congress enacted the District of Columbia Self–Government and Governmental Reorganization Act. Pub.L. No. 93–198, 87 Stat. 774 (1973) (codified at D.C.Code § 1–201.01 *et seq.*) (hereinafter "Home Rule Act"). The purpose of this legislation was to allow Congress to maintain its legislative power over the District of Columbia, as provided by the U.S. Constitution, but allow residents to elect local officials while creating a tripartite form of government with limited legislative powers. § 102(a), 87 Stat. at 777 (codified at D.C.Code § 1–201.02 (2001)). With respect to the Council's taxation powers, Congress mandated that

SEC. 602. (a) The Council shall have no authority to pass any act contrary to the

provisions of this Act except as specifically provided in this Act, or to—

. . .

(5) impose any tax on the whole or any portion of the personal income, either directly or at the source thereof, of any individual not a resident of the District. . . .

§ 602(a)(5), 87 Stat. at 813 (codified at D.C.Code § 1–206.02(a)(5) (2001)). In addition, the Home Rule Act provided:

(b) No law or regulation which is in force on the effective date of Title IV of this Act [January 2, 1975] shall be deemed amended or repealed by this Act except to the extent specifically provided herein or to the extent that such law or regulation is inconsistent with this Act, but any such law or regulation may be amended or repealed by act or resolution as authorized in this Act, or by Act of Congress. . . .

§ 717(b), 87 Stat. at 820 (codified at D.C.Code § 1–207.61 (2001)). Further, the Home Rule Act stated:

Sec. 761. To the extent that any provisions of this Act are inconsistent with the provisions of any other laws the provisions of this Act shall prevail and shall be deemed to supersede the provisions of such laws.

§ 761, 87 Stat. at 836 (codified at D.C.Code § 1–207.61 (2001)).

C. Act of September 3, 1974

On September 3, 1974, Congress enacted legislation that provided that the Council was "authorized to change the rate of the taxes imposed under—(1) the District of Columbia Income and Franchise Tax Act of 1947." Act of Sept. 3, 1974, Pub.L. No. 93–407, § 471(1), 88 Stat. 1036, 1064. This legislation further stated that

Sec. 501. Notwithstanding any other provision of law, or any rule of law,

nothing in this Act shall be construed as limiting the authority of the Council of the District of Columbia to enact any act, resolution or regulation, after January 2, 1975, pursuant to the District of Columbia Self–Government and Governmental Reorganization Act with respect to any matter covered by this Act.

§ 501, 88 Stat. at 1066.

This legislation was passed after the enactment of the Home Rule Act but before the elected Mayor and Council took office. Thus, the Council referred to in the legislation was the nine-member Council appointed by the President of the United States. See Reorganization Plan No. 3 of 1967, 32 Fed.Reg. 11669 (Aug. 11, 1967), reprinted in 1 D.C.Code at 125 (2001), and in 81 Stat. 948 (1967). Reorganization Plan No. 3 gave the appointed Council authority to determine the amount of net income subject to tax under the Tax Act of 1947; withhold tax; and establish rules and regulations to enforce the Tax Act of 1947. Id. The Home Rule Act did not abolish the Council's right to perform these functions. See § 404(a), 87 Stat. at 787 ("all functions granted to or imposed upon, or vested in or transferred to the District of Columbia Council, as established by Reorganization Plan Numbered 3 of 1967, shall be carried out by the Council in accordance with the provisions of this Act"). Thus the authority of the appointed Council to change the rate of tax imposed under the Tax Act of 1947 was transferred by the Home Rule Act to the new elected Council.

D. Title 47, D.C.Code Enactment Act of 1996

Title 47, D.C.Code Enactment Act of 1996 became effective on April 9, 1997. D.C. Law 11–254, 44 D.C.Reg. 1264 (1997). This legislation served as "a purely techni-

cal measure to enact Title 47 of the District of Columbia Code (Taxation and Fiscal Affairs) ... [and] includes strictly technical amendments to Title 47, such as clarifying erroneous cross references, [and] correcting grammatical errors." RE-PORT OF THE COMMITTEE OF THE WHOLE, COUNCIL OF THE DISTRICT OF COLUMBIA ON BILL 11–865, THE "TITLE 47, D.C.CODE EN-ACTMENT ACT OF 1996," at 1 (1996) (hereinafter Committee Report). A review of the changes made to D.C.Code §§ 47–1808.1 through 47–1808.7, the code sections pertaining to the UB Tax, indicate that there were no substantive changes made—only grammatical changes. COMMITTEE REPORT at 37–38.

### E. Case Law

This court has previously held that the UB Tax is a tax "levied upon personal income." *Bishop v. District of Columbia,* 401 A.2d 955, 961 (D.C.1979), *reinstated en banc,* 411 A.2d 997, *cert. denied,* 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825 (1980).[1] This court concluded that the Council's imposition of a tax on nonresident, unincorporated professionals and personal services businesses violated the Home Rule Act because "the tax burdens the taxpayer personally." *Bishop,* 401 A.2d at 961. However, the court expressly declined to extend this holding to the taxation of "nonresident professionals who operate an unincorporated business." *Id.* In *District of Columbia v. Califano,* 647 A.2d 761, 765 (D.C.1994), this court held "that the New York unincorporated business tax is an individual income tax." The *Califano* court concluded that the New York tax "operates the same way [as the UB Tax],"

relying on *Bishop, supra,* 401 A.2d at 961 n. 18. 647 A.2d at 763. Neighboring jurisdictions have taken the view that the UB Tax is an income tax and not a franchise tax, based on this court's decisions in *Bishop* and *Califano.* See *Roach v. Comptroller of the Treasury,* 327 Md. 438, 610 A.2d 754, 759 (1992); *Mathy v. Commonwealth,* 253 Va. 356, 483 S.E.2d 802, 805 (1997).[2]

### III.

### Discussion

■ Appellees assert that the D.C. government is prohibited from enforcing the Tax Act of 1947 because the Home Rule Act prohibits the Council from imposing any tax on the personal income of nonresidents, and that the Home Rule Act repealed the provisions of the Tax Act of 1947 that imposed the UB Tax on nonresidents. On the other hand, appellant contends that the Tax Act of 1947 was not amended or repealed by the Home Rule Act but remains in effect because Congress retained its legislative power over the District under the Constitution despite the enactment of the Home Rule Act.

■ "This court reviews both trial court decisions granting summary judgment and questions of statutory interpretation *de novo.*" *District of Columbia v. Place,* 892 A.2d 1108, 1110–11 (D.C.2006). We first look at the language of a statute to interpret a statute. *Jeffrey v. United States,* 892 A.2d 1122, 1128 (D.C.2006). "We are required to give effect to a statute's plain meaning if the words are clear and unambiguous." *Id.* (citation omitted). "The literal words of a statute, however, are not the sole index to legislative intent,

---

1. The en banc court "underscore[d] the division opinion's holding ... [but] also emphasize[d] the limits of that holding." *Bishop,* 411 A.2d at 998.

2. The Virginia Supreme Court concluded that the UB Tax was "illegal and unauthorized under the Home Rule Act." *Mathy, supra,* 483 S.E.2d at 805. Its ruling is not binding on this court.

but rather, are to be read in the light of the statute taken as a whole, and are to be given a sensible construction and one that would not work an obvious injustice." *Id.* (internal quotations and citations omitted).

■ The Home Rule Act amended or repealed Acts of Congress prior to January 2, 1975, to the extent they were inconsistent with the Home Rule Act. § 717(b), 87 Stat. at 820. We conclude that there was no inconsistency between the Home Rule Act and the Tax Act of 1947 because Congress, in the Tax Act of 1947, provided that there would not be a tax on the personal income of nonresidents but in the same legislation enacted the unincorporated business tax that had the effect of taxing that portion of the personal income of nonresident owners of unincorporated businesses derived from those businesses. 61 Stat. at 343, 345. Having imposed the tax, 61 Stat. at 345, Congress gave the authority to the Council to promulgate rules and regulations to determine the ap-

portionment of the UB Tax, collect the UB Tax, see discussion *supra* Part II. C., and establish the UB Tax rate, § 471(1), 88 Stat. at 1064.[3] The legislation which authorized the Council to establish the UB Tax rate was enacted in September 1974, approximately nine months after the passage of the Home Rule Act in December 1973 but before the Home Rule Act became effective in January 1975. This sequence of events demonstrates that Congress had not repealed the Tax Act of 1947 by enacting the Home Rule Act. By giving the Council the right to determine the rate, Congress made it clear that the UB Tax remained in effect.[4]

Appellees also argue that the Tax Act of 1947 was repealed by the Home Rule Act and improperly reenacted by the Council via the Enactment Act of 1996. This argument is misplaced since the purpose of the later legislation was to "clean-up" Title 47 of the D.C.Code. See discussion *supra* Part II. D. The provisions for the imposi-

**3.** Appellees argued before the trial court that the Home Rule Act's prohibition on the imposition of any tax on nonresidents also applies to the Council's authority over the District's Department of Finance and Revenue's (now the Office of Tax and Revenue) "application" of the Tax Act of 1947. In light of our holding in this case that the Home Rule Act did not repeal the Tax Act of 1947, we likewise conclude that such prohibition does not extend to the Office of Tax and Revenue's "application" of the UB Tax. On appeal, appellees mention in a footnote in their brief that the Council delegated its authority to determine rules and regulations related to income and franchise taxes to the Mayor pursuant to D.C. Law 4–131, § 107, 29 D.C.Reg. 2418, 2422 (1982). Appellees posit that "it is questionable whether the Council had authority to delegate authority that originally had been delegated to it by Congress" but that, in any event, such re-delegated authority was abolished by the Home Rule Act. Appellees did not advance in the trial court the argument that the Council's authority to delegate was questionable, and their brief on appeal cites no legal authority to support that argument,

merely stating that the Council's authority was questionable. Therefore, we decline to address it. *Cf. District of Columbia v. Place,* 892 A.2d 1108, 1112 n. 2 (D.C.2006).

**4.** The trial court's opinion discusses neither the substance of the Act of September 3, 1974, nor the timing of this legislation relative to the Home Rule Act. Nor does appellees' brief address the impact of this later legislation on the continued existence of the UB Tax as imposed by Congress in the Tax Act of 1947. Instead, both the trial court's order and appellees engage in a discussion about purported distinctions between the terms "impose" and "enact" to bolster their positions that the Home Rule Act prohibited the imposition of the UB Tax by the Council. In light of Congress' enactment of the Act of September 3, 1974 after the passage of the Home Rule Act and the specific language of that legislation stating that the Council "is authorized to change the rate of the taxes *imposed* under [the Tax Act of 1947]," this argument is unavailing. § 471(1), 88 Stat. at 1064 (emphasis added).

tion of the UB Tax were already contained within the D.C.Code based on the provisions of the Tax Act of 1947 at the time the Home Rule Act was enacted. *See In re WPG, Inc.*, 282 B.R. 66, 69 (D.D.C.2002) (Urbina, J.) (holding that the Council's recodification of the District of Columbia Revenue Act of 1949 did not alter the nature of the law "as an Act of Congress" and thus the codified version has the same meaning as the statute). The Home Rule Act did not amend or repeal those provisions of the D.C.Code.[5]

Appellees contend that if this court should reverse the decision of the trial court, it would overrule the conclusions of the *Bishop* and *Califano*[6] courts. In *Bishop, supra*, this court concluded that the Council's adoption of the Revenue Act of 1975, codified at D.C.Code § 47–1574 (1973), repealed the "professional exemption" established in the Tax Act of 1947. 401 A.2d at 955. The Council's challenged action allowed the D.C. government "to impose an unincorporated business tax upon unincorporated professionals and personal service businesses." *Id.* (internal footnote omitted). The court held that the tax was "levied upon personal income" and that the tax constituted a tax on "the net personal income of nonresidents," contrary to the provisions of the Home Rule Act. *Id.* at 961 (internal footnote omitted).

The trial court here, however, failed to distinguish *Bishop* from the instant case. The problem addressed in *Bishop* was that the Council had exceeded its power conferred by Congress by actually purporting to repeal the Congressionally imposed "professional services" limitation. In substance, this court in *Bishop* held that the Council could not repeal a provision of the Tax Act of 1947 which excluded from the tax certain types of personal service income.[7] 401 A.2d at 956–58. The *Bishop* court did not say that the District was precluded from taxing nonresidents "who operate an unincorporated business." *Id.* at 961. Conversely, in the instant case, the Council has not taken any action to amend the Tax Act of 1947 enacted by Congress; the Council has merely continued to exercise the power conferred by Congress to collect a tax imposed by Congress. The Tax Act of 1947 mandated that the UB Tax was payable by the individuals operating the unincorporated business. 61 Stat. at 346 (codified at D.C.Code § 47–1808.05 (2001)). Moreover, the UB Tax was not defined solely as a tax on residents but was specifically defined by Congress to include "that portion of the entire *net income* of every *nonresident* which is subject to tax under title VIII [Tax on Unincorporated Businesses] of this article." 61 Stat. at 343 (codified at D.C.Code § 47–1806.01 (2001)) (emphasis added). Thus, unlike the exclusion for personal services income, the Tax Act of 1947 specifically allowed for the taxation of nonresident personal income if that income is derived from the operation of an unincor-

---

5. Appellees do not cite to any legislation other than the Home Rule Act to support their argument that the Tax Act of 1947 has been repealed.

6. Our holding in *Califano* does not require separate discussion, as it was based entirely on our conclusions in *Bishop*.

7. The Tax Act of 1947 provided:
   The words "unincorporated business" do not include any trade or business which by law, customs, or ethics cannot be incorporated or any trade or business in which more than 80 per centum of the gross income is derived from the personal services actually rendered by the individual or members of the partnership or other entity in the conducting or carrying on of any trade or business and in which capital is not a material income-producing factor.
   61 Stat. at 345–46.

porated business within the District of Columbia. *Cf. District of Columbia v. Helen Dwight Reid Educ. Found.*, 766 A.2d 28, 37 (D.C.2001) (concluding that D.C.Code § 47–1002 (1997), enacted by Congress, did not "offend the dormant commerce clause" because Congress is not precluded from burdening interstate commerce even when Congress enacts legislation for the District under its Constitutional powers).

We therefore reverse the decision of the trial court and remand with instructions to enter summary judgment for appellant.

*So ordered.*