## Richmond

ARBERN REALTY COMPANY, INC. v. MARGARET AREY SWICEGOOD, ET AL.

June 22, 1959.

Record No. 4953.

Present, All the Justices.

The opinion states the case.

*John W. Carter* and *Charles Carter* (*Carter & Carter*, on brief), for the appellant.

*Frank O. Meade* and *Edwin B. Meade* (*Garrett & Wheatley; Meade, Talbott & Tate*, on brief), for the appellees.

SNEAD, J., delivered the opinion of the court.

On September 5, 1957 Margaret Arey Swicegood and Loraine Arey Clarke, appellees, filed a petition for a declaratory judgment, alleging that an actual controversy existed between them and Arbern Realty Company, Inc., appellant, as to their respective rights and interests in and to a parcel of land fronting 15 feet on the easterly (also described as south) side of Main street in Danville and extending back therefrom between parallel lines 80 feet, constituting an entranceway to a theatre building and lot of petitioners in the rear. By decree entered March 17, 1958 over the objection of appellant the trial court decided, among other things, that petitioners owned the entranceway in fee simple, subject to the right reserved and exercised by the predecessors in title of appellant, present owner of storehouses numbered 539, 545 and 547 fronting on Main street and adjoining the 15 foot entranceway on each side thereof, to build over the parcel of land not less than 15 feet above ground level. From this decree Arben Realty Company, Inc., appealed.

S. H. Holland was the common grantor of all the real estate now owned and claimed by appellant and appellees involved in this proceeding. His first off-conveyance to the parcel of land was to the Danville Academy of Music by general warranty deed dated August 2, 1886, and the primary issue is the interpretation of this deed.

After conveying 10-7/12 feet on the lower side of the lot and 5 feet on the upper side of the lot running back from Main street between parallel lines 187-1/2 feet for alley purposes, the deed provides in part: "Third—Fifteen feet fronting on Main Street which shall be not less than twenty feet from the lower edge of the property herein conveyed, nor fifty feet from the upper edge thereof and running back between parallel lines eighty feet, said fifteen feet *to be used* by the said party of the second part *as an entrance way only* in said 'Academy of Music' building. Fourth—All of that portion of said lot owned by the said party of the first part, commencing eighty feet from Main Street & lying between the two alley ways hereinbefore described, which is eighty feet wide more or less by one hundred & seven & one half feet deep upon which said party of the second part shall build an Academy of Music which shall be first class in its appointment. It is agreed between the parties that the said party of the first part shall have the right reserved of building over the above mentioned entrance of fifteen feet as if he owned

the same, but said entranceway shall be finished with a pitch of not less than fifteen feet * * *." (Italics supplied)

By deed dated January 20, 1887 the Academy of Music conveyed the above property to C. M. Blackford and James P. Harrison, trustees, to secure the payment of $10,000. The deed recited that the Academy was the fee simple owner of the 15 foot entranceway.

Holland, by deed dated July 16, 1890, conveyed the remaining portion of the property which fronts on the south side of Main street to Carrie Douthat. The following language was employed in that deed:

"First. All rights, privileges, interests, and property reserved or vested in said S. H. Holland * * * in & to a fifteen foot entrance way to said Danville Academy of Music from Main Street, the exact dimensions, direction and description of said several alleys, and of the interest of said S. H. Holland reserved therein are practicalarly (sic) set forth and expressed in a deed from said S. H. Holland to said Danville Academy of Music * * *.

"Second. All that certain lot and parcel of land situate on the South side of Main Street Danville, Virginia, lying between said five foot alley and said ten and seven twelfths of a foot alley, and fronting about eighty feet, more or less, upon said Street, when you include in this measurement said fifteen foot entrance way to said Danville Academy of Music, the property over and under which was reserved by the said Holland is hereby conveyed as set forth in said deed of August 3rd (sic) 1886 * * *."

Upon default in the payment of the indebtedness secured by the deed of trust, Blackford and Harrison, trustees, sold the theatre property at public auction to S. I. Roberts for $10,000. The deed, dated July 8, 1896, which also conveyed the three entrances or approaches to the property, specifically recognized that the fee simple title to the 15 foot entranceway was vested in Carrie D. Harrison (formerly Carrie Douthat).

On February 18, 1907 Roberts conveyed the property to A. B. Carrington to be held in trust. By deed dated July 11, 1907 Carrington conveyed it to Mary B. Schloss, and by deed dated January 29, 1916 Mary B. Schloss conveyed it to E. C. Arey. Edmund B. Meade, executor of Arey's estate, conveyed the property by deed dated May 15, 1935 to Rose Arey in lieu of her dower, and she devised the property to appellees. All of the deeds, by recitals therein, recognized the fact that the fee simple title to the 15 foot entranceway was in

the successors in title to the property fronting on Main street formerly owned by Carrie Douthat who purchased it from the common grantor, S. H. Holland.

Appellant is a successor in title to William W. Williamson and George G. Temple, who acquired their title from Carrie Douthat Harrison. All predecessors in title of both appellant and appellees are deceased.

Regardless of what was recited in the deeds of conveyances subsequent to Holland's deed to the Academy of Music dated August 2, 1886, it is that deed that controls the interests of the litigants in the 15 foot entranceway in question. The Academy could not convey any greater interests than were conveyed to it. Appellees alleged in their petition title by adverse possession, but that position was abandoned in the trial court.

Appellees' 10 year lease of the theatre building with Craver Enterprises of Charlotte, N. C. expired July 10, 1956 and it has been vacant since that time. Due to the need of extensive repairs, the building was condemned effective that date. Appellees desire "the full, free and unhampered use" of the 15 foot entranceway so that they may properly enjoy their property without interference on appellant's part. Appellant makes no objection to ingress and egress through the entranceway for any legitimate business conducted in the theatre building, but does object to the use of the entranceway for any other purpose.

Appellant contends that Holland's deed to the Academy on its face conveyed only an easement for ingress and egress in the 15 foot parcel, but if it be construed as having granted a fee to the Academy, such fee was burdened with an equitable servitude limiting the use of the property to an entranceway only to appellees' building. On the contrary, appellees maintain that the deed conveyed to the Academy a fee simple title to the 15 foot entranceway subject to the right reserved to build over it not less than 15 feet above ground level; that assuming the grantor intended to restrict the use of the 15 foot parcel to that of an entranceway, it is void and unenforceable between successors in title as it was personal and enforceable only by the grantor, and that it is now void and unenforceable for the further reasons that the restriction operates as an unlawful restraint of trade and contrary to public policy.

In 5 M. J. Deeds, § 57 pp. 729, 730, it is stated:

"When the intent is apparent, and not repugnant to some rule of

law, it must prevail over mere technical terms. In construing a deed or will, the object is to ascertain the intention of the maker as gathered from the language used and the general purpose and scope of the instrument, in the light of surrounding circumstances; and, when such intention clearly appears, by giving to the words their natural and ordinary meaning, technical rules of construction will not be invoked to defeat it."

We said in *Virginian Ry. Co. v. Avis*, 124 Va. 711, 716, 98 S. E. 638:

"The purpose of all written contracts and conveyances is to say what the parties mean; and the only legitimate or permissible object of interpreting them is to determine the meaning of what the parties have said therein. In doing this, the language used is to be taken in its ordinary signification, unless it has acquired a peculiar meaning with reference to the subject matter, or unless the context plainly shows that such language is used in some other peculiar sense. If, when so read, the meaning is plain, the instrument must be given effect accordingly. These propositions are familiar and elementary, and they embody the fundamental rule of construction to which all others are subordinate and subservient. * * *."

In the deed from Holland to the Academy the grantor used the following language in conveying the entranceway: "Fifteen feet fronting on Main Street which shall be not less than twenty feet from the lower edge of the property herein conveyed, nor fifty feet from the upper edge thereof and running back between parallel lines eighty feet, said fifteen feet to be used by the said party of the second part as an entrance way only in said 'Academy of Music' building." We observe the grantor did not describe the precise location of the property which is hardly consistent with an intention to convey a fee simple title. The phrase "to be used by the party of the second part as an entrance way only" is plain and evidences a clear intent on the part of the grantor to convey only a permanent easement to use the 15 foot entranceway for the purpose of ingress and egress to the Academy property in the rear.

Immediately following the description of the "fourth" parcel in the deed, being the lot in the rear conveyed to the Academy of Music, the deed recites: "It is agreed between the parties that the said party of the first part shall have the right reserved of building over the above mentioned entrance of fifteen feet as if he owned the same, but said entranceway shall be finished with a pitch of not

less than fifteen feet, * * *." The phrase "as if he owned the same" as used here is not an admission that the fee to the fifteen foot entranceway was conveyed to the Academy. It imports that Holland reserved the right to build over the entranceway as if it was free of the servitude of the easement conveyed.

· Appellees assigned as cross-error the court's action in rejecting as evidence two letters of Marx Realty and Improvement Co., Inc., to Margaret A. Swicegood, dated June 29, 1951 and August 22, 1957. The letters are not clear, but the language used therein indicates they might relate to the sale or lease of the theatre property. They were not relevant to this litigation and we find no merit in this contention.

Our conclusion is that appellant, or its successors in title, stands seised and possessed of a fee simple title in the 15 x 80' entranceway in question, but subject to a permanent easement in appellees, or their successors in title, to use the entranceway for ingress and egress.

The decree appealed from is reversed and the cause remanded to the trial court for the entry of a decree not in conflict with the views expressed in this opinion.

*Reversed and remanded.*