Present:  All the Justices

JOSEPH J. MATHY, ET AL.

v.    Record No. 961290    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                         April 18, 1997
COMMONWEALTH OF VIRGINIA
DEPARTMENT OF TAXATION

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gerald B. Lee, Judge

In this appeal, we consider whether two Virginia taxpayers are entitled to a credit under Code § 58.1-332(A) for taxes paid to the District of Columbia on income received from a partnership conducted in the District of Columbia.

The facts in this case are not in dispute.  The appellants, Joseph J. Mathy and Sarah G. Mathy, are residents of Fairfax County.  Joseph Mathy is a general partner in The Mills Building Associates, a District of Columbia general partnership (the partnership).  The partnership's sole source of income during the relevant years was rental income earned from the operation of an office building in the District of Columbia.

The partnership filed District of Columbia tax returns for 1991, 1992, and 1993 and paid the taxes due on the income earned from the commercial office rental pursuant to D.C. Code Ann. §§ 47-1808.1 to -1808.6 (1990).  This subchapter, labelled "[t]ax on unincorporated businesses,"[1] provided, for the years at issue,

_____

[1]Under D.C. Code Ann. § 47-1808.1 (1990), the term "unincorporated business" is defined, in relevant part, as

    any trade or business, conducted or engaged in by any
    individual, whether resident or nonresident, statutory or
    common-law trust, estate, partnership, or limited or special
    partnership . . . other than a trade or business conducted

that "for the privilege of carrying on or engaging in any trade or business within the District and of receiving income from sources within the District, there is levied . . . a tax at the rate of 10 per centum upon the taxable income of every unincorporated business," plus a surtax between 2.5% and 5% of the taxes due.  D.C. Code Ann. § 1808.3 (1990) (amended 1994) (the UB tax).  "Taxable income" is defined as "the amount of net income derived from sources within the District . . . in excess of the exemption granted under § 47-1808.4"  D.C. Code Ann. § 47-1808.2(1).

Under the District of Columbia Code, these taxes may be assessed in the name of the unincorporated business, but are payable by the persons conducting the business.  D.C. Code Ann. § 47-1808.5.  As a general partner, Joseph Mathy was personally liable for payment of these taxes.[2]

The Mathys filed Virginia income tax returns for 1991, 1992, and 1993, and reported Joseph Mathy's share of the net income from the District of Columbia partnership.  When the Mathys filed those returns, they did not claim an out-of-state tax credit

(..continued)
> or engaged in by any corporation and include[s] any trade or business which if conducted or engaged in by a corporation would be taxable under subchapter VII of this chapter.

[2]D.C. Code Ann. § 41-114(2) provides that "[a]ll partners are liable . . . [j]ointly for all other debts and obligations of the partnership."

against their Virginia taxes for the taxes paid pursuant to the UB tax.

In 1994, the Mathys filed amended Virginia income tax returns for the tax years 1991, 1992, and 1993, claiming an out-of-state tax credit pursuant to Code § 58.1-332(A) and requesting refunds from Virginia for each of the tax years in issue. Code § 58.1-332(A) provides:

> Whenever a Virginia resident has become liable to another state for income tax on any earned or business income for the taxable year, derived from sources outside the Commonwealth and subject to taxation under this chapter, the amount of such tax payable by him shall, upon proof of such payment, be credited on the taxpayer's return with the income tax so paid to the other state.

> However, no franchise tax, license tax, excise tax, unincorporated business tax, occupation tax or any tax characterized as such by the taxing jurisdiction, although applied to earned or business income, shall qualify for a credit under this section, nor shall any tax which, if characterized as an income tax or a commuter tax, would be illegal and unauthorized under such other state's controlling or enabling legislation qualify for a credit under this section.

The Virginia Department of Taxation (the Department) determined that the Mathys were not entitled to the tax credit under Code § 58.1-332(A). The Mathys then filed in the trial court this application for relief from erroneous assessments of Virginia income taxes.

The trial court granted the Department's motion for summary judgment, holding that the Mathys were not entitled to a credit against their Virginia taxes for payment of the UB tax. The court stated that a plain reading of D.C. Code Ann. § 47-1808.3

indicates that the tax imposed is not an income tax subject to credit under Code § 58.1-332(A), but is an unincorporated business tax on income imposed for the privilege of conducting business in the District of Columbia. Thus, the court held that Code § 58.1-332(A) does not provide a credit for payment of this tax.

On appeal, the Mathys argue that the trial court's ruling conflicts with the decisions of this Court in King v. Forst, 239 Va. 557, 391 S.E.2d 60 (1990), and the District of Columbia Court of Appeals in Bishop v. District of Columbia, 401 A.2d 955 (D.C. 1979), aff'd en banc, 411 A.2d 997 (1980). The Mathys contend that both cases held that the UB tax is an income tax, and not an unincorporated business tax, franchise tax, or privilege tax.

In response, the Department contends that the UB tax is an unincorporated business tax within the meaning of Code § 58.1-332(A), and is characterized as such by the District of Columbia. In the alternative, the Department argues that even if this tax is characterized as an income tax, it is illegal under the District of Columbia Self-Government and Governmental Reorganization Act (the Home Rule Act), Pub. L. No. 93-198, 87 Stat. 774 (1973) (codified in part in Title I, D.C. Code Ann. (1992)), and, thus, the Mathys are not entitled to a credit under Code § 58.1-332(A).

The District of Columbia Court of Appeals, the highest court of that jurisdiction, examined the UB tax in Bishop v. District

of Columbia, 401 A.2d at 958–61.  The court held that the tax is an income tax, explaining that "a tax on gross receipts is not an income tax; a tax on net income is so, regardless of its nomenclature."  Id. at 960.

In reaching this conclusion, the court emphasized that a tax must be characterized based on its nature and effect, rather than on any label or title affixed to its provisions.  Id. at 958. The court noted that, by its terms, the UB tax is a net income tax because it is levied on taxable income, which is defined as that amount of net income in excess of the exemption granted by D.C. Code Ann. § 47–1808.4.  Id. at 960.

Under principles of comity, we applied the rule of Bishop in King v. Forst.  There, we explained:

> [T]he decisions of the highest court of a jurisdiction, interpreting the law of that jurisdiction, are controlling authority in the courts of all other States as well as in the Federal courts.  This principle applies even where the construction given by the foreign court to its law is directly opposite to the construction the domestic court gives to its own law.

239 Va. at 561, 391 S.E.2d at 62 (citations omitted).

Applying the construction given D.C. Code Ann. § 47–1808.3 by the District of Columbia Court of Appeals, we held that the UB tax is an income tax.  King, 239 Va. at 561, 391 S.E.2d at 62. Thus, we concluded that the Virginia taxpayer, a sole proprietor of an unincorporated printing business located in the District of Columbia, was entitled to a credit under former Va. Code § 58.1–332 for payment of the UB tax.  Id.

- 5 -

Our decision in King is dispositive of the issue whether the UB tax is an income tax. We find no merit in the Department's argument that the second paragraph of Code § 58.1-332(A), added by the General Assembly in 1991, effectively overrules King. The "taxing jurisdiction," as the term is used in that paragraph, is the District of Columbia, which has characterized the tax as an income tax, irrespective of its title, "[t]ax on unincorporated businesses." Bishop, 401 A.2d at 960. Thus, the second paragraph of Code § 58.1-332(A) does not affect our ruling in King that the UB tax is an income tax.

Our conclusion is not altered by the fact that Bishop was based on a challenge to the UB tax as applied to professionals and personal services businesses, rather than to other types of unincorporated businesses such as the one in which Joseph Mathy is a general partner. The court's holding in Bishop was based on the inherent nature of the UB tax, rather than on the type of unincorporated business income at issue.

In addition, in King, we applied the rule of Bishop to income derived from a printing business conducted in the District of Columbia, which did not involve professional or personal services. Our holding was based on the structure and effect of the tax, as characterized by the District of Columbia Court of Appeals, rather than on the type of unincorporated business conducted by the taxpayer. See King, 239 Va. at 560, 391 S.E.2d at 62.

Since the UB tax is an income tax, the Mathys are entitled to a credit under Code § 58.1-332(A) unless the tax "would be illegal and unauthorized under such other state's controlling or enabling legislation."  Code § 58.1-332(A).  Therefore, in the present case, we must determine whether the UB tax would be illegal and unauthorized under the District of Columbia's Home Rule Act.

In the Home Rule Act, the United States Congress gave the District of Columbia Council legislative authority over most matters involving the District.  See D.C. Code Ann. §§ 1-201 to - 229.7.  However, the Home Rule Act expressly prohibits the Council from imposing a "commuter tax," defined as "any tax on the whole or any portion of the personal income . . . of any individual not a resident of the District . . . ."  D.C. Code Ann. § 1-233(a)(5); see Bishop, 401 A.2d at 957-58.  Neither the Home Rule Act nor any other portion of the District of Columbia Code defines the term "personal income."

The Department argues that if D.C. Code Ann. § 47-1808.3 is an income tax, it violates this restriction in the Home Rule Act as a tax on the personal income of a nonresident of the District.  In response, the Mathys argue that the tax does not violate the Home Rule Act, but "is a perfectly legal income tax which does not tax personal income, the only kind of income protected by [the above] section of the Home Rule Act."  The Mathys further contend that the tax is imposed on their District of Columbia

rental business income, not on their personal income. We disagree with the Mathys.

The rationale advanced by the Mathys was directly addressed and rejected in Bishop. The court concluded that "[t]he tax is levied upon personal income. If we dealt here with a corporate franchise tax, the result would be different." Id. at 961. The court noted that the scheme of the tax illustrates its nature as a personal net income tax, and that since the tax is imposed on unincorporated businesses, it is "in reality a tax on the associates or partners who run the business." Id. at 961 n.18.

In District of Columbia v. Califano, 647 A.2d 761, 763 (D.C. 1994), the District of Columbia Court of Appeals again recognized that the UB tax is a personal income tax. The court explained, "in the language of Bishop," that this tax personally burdens the individuals who comprise the unincorporated business and operates as an income tax on them individually. Califano, 647 A.2d at 763-64. Since both Bishop and Califano instruct that the UB tax imposes a tax on personal income, we must conclude that the tax imposed on the Mathys is illegal and unauthorized under the Home Rule Act for purposes of qualifying for a credit under Code § 58.1-332(A), because the Home Rule Act prohibits the imposition of "any tax on the whole or any portion of the personal income . . . of any individual not a resident of the District . . ." D.C. Code Ann. § 1-233(a)(5). Thus, the Mathys are not entitled to a credit under Code § 58.1-332(A), based on the plain language

- 8 -

of the second paragraph of that statute.

This is a case in which the trial court has reached the correct result but has given the wrong reason. We will sustain the result on the grounds assigned above. Doswell Ltd. Partnership v. Virginia Elec. & Power Co., 251 Va. 215, 225, 468 S.E.2d 84, 90 (1996); Richmond, Fredericksburg & Potomac R.R. v. Metropolitan Washington Airports Auth., 251 Va. 201, 214, 468 S.E.2d 90, 98 (1996); Robbins v. Grimes, 211 Va. 97, 100, 175 S.E.2d 246, 248 (1970).

For these reasons, we will affirm the trial court's judgment.

Affirmed.