Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
Kinser, JJ., and Whiting, Senior Justice

WILLIAM D. RIDGWELL, ET AL.

v.    Record No. 961978    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                     October 31, 1997
BRASCO BAY CORPORATION

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Joseph F. Spinella, Judge Designate

The primary issue in this appeal is whether an owner of land
burdened by an easement is barred from placing a gate across the
right of way.

In 1994, William and Mary Ellen Ridgwell purchased about 30
acres of land bordering U.S. Route 250 in Albemarle County that
is subject to an easement held by Brasco Bay Corporation
(Brasco). The easement extends from Brasco's property, across
the Ridgwells' property, to U.S. Route 250. The easement was
created by a deed establishing a "right of way for ingress and
egress" which "shall be 50 feet in width and shall follow the
route as designated on plat of R.O. Snow and Associates dated
July 25, 1974, a copy of which plat is attached hereto and made a
part of this deed."

A paved road on the Ridgwells' property leading from U.S.
Route 250 is partially located on the right of way. This paved
road provides the only means of access to the building in which
the Ridgwells conduct their garden and nursery business. As a
security measure, the Ridgwells placed a 36-foot-wide gate across
the paved road to limit vehicular access from U.S. Route 250 when
their business is closed. However, the gate also blocks Brasco's
right of way to U.S. Route 250.

The Ridgwells lock the gate at all times when their business is closed.  They offered Brasco a key to the lock, but Brasco declined the offer and demanded removal of the gate.  The Ridgwells refused to remove the gate.

Brasco filed a bill of complaint seeking, among other things, a permanent injunction restraining the Ridgwells from interfering with Brasco's use of the right of way and requiring them to remove the gate.  Since Brasco intended to develop its property at a future date, Brasco also requested the trial court to declare that the right of way "was intended to provide an unobstructed right of way and a right of way upon which a road way could be built to State Department of Highway standards to be included as a part of the State Highway System of Virginia."

At a bench trial, the court held that the Ridgwells were required to remove the gate because the plat showed an unobstructed right of way.  The trial court also enjoined the Ridgwells from interfering with Brasco's use of the way.  However, the trial court declined to rule that the right of way was intended to allow construction of a road that could be adopted as part of the state highway system.  The trial court held that such a ruling would be premature because Brasco had not taken action to develop the property and there was insufficient evidence regarding the future use of the property.

On appeal, the Ridgwells concede that, since the present gate is 36 feet wide, it obstructs Brasco's full use of its 50-foot right of way.  However, the Ridgwells argue that Code § 33.1-202 allows them to place a gate greater than 50 feet wide

across the right of way, and that the trial court erred in permanently enjoining them from erecting such a gate.

In response, Brasco contends that the documents creating the right of way establish that it was intended to be free from any obstruction, including the 50-foot-wide gate proposed by the Ridgwells.  Brasco further asserts that, since the Ridgwells do not have fences extending to each side of the right of way, they cannot rely on Code § 33.1-202 to erect a gate.

Brasco also assigns cross-error to the trial court's refusal to declare that the easement was intended to allow construction of a road that could be adopted as part of the state highway system.  Brasco notes that the deed to the Ridgwell property includes a road maintenance agreement which declares that Brasco, as owner of the right of way, "shall have the right to upgrade and dedicate the road to the State Highway System of Virginia."  Thus, Brasco argues, the trial court should have confirmed Brasco's right to build such a road to accommodate future subdivision of its property.

We first consider the Ridgwells' contention that Code § 33.1-202 gives them the right to place a 50-foot-wide gate across Brasco's right of way.  That section provides, in relevant part, that

> [a]ny person owning land over which another or others
> have a private road or right-of-way may, except when it
> is otherwise provided by contract, erect and maintain
> gates across such roads or right-of-way at all points
> at which fences extend to such roads on each side
> thereof.

Under this portion of the statute, the Ridgwells are barred as a

matter of law from placing a gate across Brasco's right of way only if they are subject to a contractual provision prohibiting the installation of a gate.

We conclude that there is no such contractual restriction. In examining the Ridgwells' deed, we give effect to the plain meaning of the language used by the parties. Amos v. Coffey, 228 Va. 88, 92, 320 S.E.2d 335, 337 (1984); Arbern Realty Co. v. Swicegood, 201 Va. 30, 34, 109 S.E.2d 108, 111 (1959). The only mention of the easement in the deed is that a right of way is provided "for ingress and egress" and "shall be 50 feet in width and shall follow the route as designated on [the attached] plat." The plat appended to the deed shows the route of the easement and does not indicate any restrictions that would prohibit the placement of a gate across the easement. In addition, there is no evidence that the Ridgwells and Brasco executed any agreement limiting the Ridgwells' right to place a gate over the easement.

Although the Ridgwells are not prohibited by contract from placing a gate across the easement, they have failed to comply with the requirement in Code § 33.1-202 that any gate placed across an easement be attached to a fence on each side of the right of way. Since the Ridgwells do not have fences that extend to each side of the right of way, they have not established a right under the statute to erect a gate. Therefore, we will uphold the portion of the trial court's injunction requiring the Ridgwells to remove the existing gate because the trial court reached the correct result, despite its use of the wrong reason in obtaining that result. See Mathy v. Commonwealth, 253 Va.

356, 362, 483 S.E.2d 802, 805 (1997); <u>Doswell Ltd. Partnership v. Virginia Elec. & Power Co.</u>, 251 Va. 215, 225, 468 S.E.2d 84, 90 (1996); <u>Richmond, Fredericksburg & Potomac R.R. v. Metropolitan Washington Airports Auth.</u>, 251 Va. 201, 214, 468 S.E.2d 90, 98 (1996).

We next conclude that the trial court erred in permanently enjoining the Ridgwells from building a gate across the right of way. This portion of the trial court's decree improperly denies the Ridgwells the opportunity to build a fence that complies with the requirements of Code § 33.1-202.[*]

Finally, we find no merit in the cross-error assigned by Brasco. Brasco did not present sufficient evidence from which the trial court could determine whether Brasco has a right to build a roadway to accommodate a subdivision of its property. A trial court cannot enter a declaratory judgment based on future or speculative facts, because to do so would constitute the rendering of an advisory opinion. <u>Blue Cross & Blue Shield of Va. v. St. Mary's Hosp. of Richmond, Inc.</u>, 245 Va. 24, 35, 426 S.E.2d 117, 123 (1993); <u>Mosher Steel-Virginia, Inc. v. Teig</u>, 229 Va. 95, 100, 327 S.E.2d 87, 91 (1985); <u>City of Fairfax v. Shanklin</u>, 205 Va. 227, 229, 135 S.E.2d 773, 775 (1964).

For these reasons, we will uphold the portion of the trial court's injunction requiring the Ridgwells to remove the 36-foot-

---

[*]The Ridgwells do not have a right to maintain a locked gate once they can demonstrate they have complied with the terms of the statute. Nothing in Code § 33.1-202 provides such a right. <u>See</u> <u>Craig v. Kennedy</u>, 202 Va. 654, 660, 119 S.E.2d 320, 324 (1961).

wide gate, dissolve the permanent injunction preventing them from erecting a gate in compliance with Code § 33.1-202, and enter final judgment in favor of Brasco.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and final judgment.</u>