MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2018 ME 111
Docket:      BCD-17-459
Argued:      May 15, 2018
Decided:     August 2, 2018

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

JAMES GOGGIN et al.

v.

STATE TAX ASSESSOR

SAUFLEY, C.J.

[¶1]  The question presented in this appeal is whether an individual resident of Maine is entitled to a Maine income tax credit for any portion of the business taxes imposed by New Hampshire on a New Hampshire limited liability company of which the Maine resident is a member.  In its judgment entered in the Business and Consumer Docket, the court (*Murphy, J.*) determined that the Maine resident's proportion of business taxes paid in New Hampshire by the LLC did not qualify that resident for a tax credit against her individual Maine income taxes.  We affirm that judgment.

I.  BACKGROUND

[¶2]  James and Ann Goggin appeal from a judgment affirming the State Tax Assessor's denial of a tax credit for a share of New Hampshire business

taxes paid by a New Hampshire LLC proportional to the membership interest that Ann had in the LLC. They argue that the court erred in interpreting Maine's individual income tax statutes and that, as applied, Maine's income tax statutes discriminate against interstate commerce in violation of the Commerce Clause of the United States Constitution.

[¶3] The facts are drawn from the parties' stipulations of fact and their joint exhibits. The joint exhibits consist, primarily, of Maine and New Hampshire tax documents. James and Ann Goggin lived in Maine at all relevant times, and they filed joint federal and State income tax returns. GHK Company, LLC, is a limited liability company formed in New Hampshire in 1994 to own, develop, maintain, and lease a parcel of commercial real estate in New Hampshire. For federal income tax purposes, the LLC was classified as a partnership for the 2012 through 2014 tax years, which are the years at issue here. In each of those three years, the LLC received rental income from its property. For each of those years, Ann was allocated a percentage interest in the profits and losses of the LLC.

[¶4] The State of New Hampshire does not impose income taxes on individuals except on certain "income received from interest and dividends" not at issue here. N.H. Rev. Stat. Ann. § 77:3(I)(a) (2012). The State of New

Hampshire imposed on the LLC, however, both a "business profits tax" and a "business enterprise tax." *See* N.H. Rev. Stat. Ann. §§ 77-A:2, 77-E:2 (2012).[1] On its federal "Return of Partnership Income" forms, the LLC took deductions for the New Hampshire business taxes it paid. Specifically, among other deductions, it deducted the amount of the New Hampshire business taxes from the amounts of rental real estate income that the LLC reported to the federal government. Ann Goggin's share of the rental income was determined as a percentage of those reduced amounts for purposes of the LLC's attached Schedule K-1 forms stating her "Partner's Share of Income, Deductions, Credits, etc."

[¶5] For each of the 2012 to 2014 years, the Goggins reported in their joint federal income tax return an amount of income from the LLC that was similar to the amount stated in the corresponding year's federal LLC form reporting Ann Goggin's share of the LLC's rental income.

[¶6] When the Goggins filed their joint Maine income tax returns for the 2012 through 2014 tax years, they did not claim a credit for the New Hampshire business taxes paid by the LLC. Because the calculation of the Maine tax

---

[1] Both statutes have since been amended to adjust rates of taxation. *See* N.H. Rev. Stat. Ann. §§ 77-A:2, 77-E:2 (Supp. 2017) (codifying subsequent amendments).

4

obligation was based on the Goggins' federal adjusted gross income, the income that they reported in their Maine tax returns also did not include any income that the LLC had received but then paid in New Hampshire business taxes.

[¶7] In January 2016, the Goggins filed an amended Maine return for each of the 2012, 2013, and 2014 tax years seeking a personal income tax credit, and corresponding refund, for the portion of the New Hampshire business tax paid by the LLC that was proportional to Ann's membership interest. The amended Maine returns did not, however, add to the Goggins' Maine adjusted gross income any amount of the LLC's income that went to pay the New Hampshire LLC taxes.

[¶8] Maine Revenue Services denied the refund by letter dated May 9, 2016, and the Goggins requested reconsideration. *See* 36 M.R.S. § 151(1) (2017). In a written decision dated September 21, 2016, the State Tax Assessor upheld the denial of their claims for refunds.

[¶9] The Goggins then filed, in the Superior Court, a petition for judicial review of the Assessor's final agency action and de novo determination of all facts and law. See 36 M.R.S. § 151(2)(F)(2), (G) (2017). Upon the parties' agreement and the Goggins' application, the matter was accepted for transfer to the Business and Consumer Docket. The court received briefs and heard

arguments from the parties regarding their jointly stipulated facts and supporting exhibits. The court affirmed the judgment of the Assessor, reasoning that no income tax credit applied because (1) the New Hampshire business taxes were imposed on the LLC and were not an "amount of income tax imposed on [an] individual," 36 M.R.S. § 5217-A (2017), and (2) Maine's tax statutes do not violate the Commerce Clause of the United States Constitution. The Goggins timely appealed. *See* 5 M.R.S. § 11008 (2017); M.R. App. P. 2A, 2B(a)(1), (c)(1).

## II. DISCUSSION

### A.      Interpretation of Maine's Income Tax Statutes

[¶10]  When a taxpayer appeals to the Superior Court from a decision of the State Tax Assessor, the Superior Court "conduct[s] a de novo hearing and make[s] a de novo determination of the merits of the case." 36 M.R.S. § 151(2)(G). "Because the Superior Court is not acting in an appellate capacity, we review its determinations directly." *Linnehan Leasing v. State Tax Assessor*, 2006 ME 33, ¶ 16, 898 A.2d 408.

[¶11]  The Goggins contend that the court erred in rejecting their argument that the business taxes imposed on the LLC are functionally income taxes on the individual holders because of the "flow-through" nature of income

6

realized by an LLC. They argue that the court's, and the Assessor's, formalistic interpretation of the statute results in the "double taxation" of Maine entrepreneurs.

[¶12] "In interpreting a tax statute, we look first to its plain meaning to give effect to the Legislature's intent." *State Tax Assessor v. MCI Commc'ns Servs., Inc.*, 2017 ME 119, ¶ 7, 164 A.3d 952. We endeavor to "avoid absurd, illogical or inconsistent results and will not read additional language into a statute or treat words in a statute as meaningless and superfluous." *Id.* (quotation marks omitted).

[¶13] A taxation statute is construed "most strongly against the government and in the [taxpayer's] favor," and we "will not extend its reach beyond the clear import of the language used." *Id.* (quotation marks omitted). "Statutory exemptions to taxes are construed narrowly, however," and we will not apply an exemption "to situations not clearly coming within the scope of the exemption provisions." *Id.* (quotation marks omitted).

[¶14] A tax credit, like a tax exemption, must be construed narrowly because "[s]uch special privileges are in conflict with the universal obligation of all to contribute a just proportion toward the public burdens." *City of Bangor v. Rising Virtue Lodge, No. 10, Free & Accepted Masons*, 73 Me. 428, 433 (1882)

(quotation marks omitted). Tax credits, like tax exemptions, diminish taxpayers' contributions as a matter of limited legislative allowance. *See Gen. Motors Corp. v. Franchise Tax Bd.*, 139 P.3d 1183, 1193 (Cal. 2006) (holding that a tax credit, which is a matter of legislative grace, must be strictly construed); *Dep't of Revenue, Fin. & Admin. Cabinet v. Roanoke Cement Co.*, 443 S.W.3d 1, 3 (Ky. Ct. App. 2014) (holding that a tax credit—like a tax exemption—is narrowly construed); *Centex Int'l, Inc. v. S.C. Dep't of Revenue*, 750 S.E.2d 65, 69 (S.C. 2013) (strictly construing "a tax credit against the taxpayer as it is a matter of legislative grace"); *see also MedChem (P.R.), Inc. v. Comm'r of Internal Revenue*, 295 F.3d 118, 123 & n.6 (1st Cir. 2002) (stating that a federal tax credit applies only if "there is clear provision therefor," and that a tax credit statute will not be interpreted with all doubts resolved in favor of the taxpayer (quotation marks omitted)).

[¶15] Here, the Maine tax credit at issue applies to *income tax* that a resident individual has paid in another state:

> A resident individual is allowed a credit against the tax otherwise due under this Part, excluding the tax imposed by section 5203-C [alternative minimum tax], for the amount of *income tax* imposed on that individual for the taxable year by another state of the United States, a political subdivision of any such state, the District of Columbia or any political subdivision of a foreign country that is analogous to a state of the United States with

respect to income subject to tax under this Part that is derived from sources in that taxing jurisdiction. . . .

36 M.R.S. § 5217-A (emphasis added). The question is whether the New Hampshire business taxes paid by the LLC constitute an "income tax" imposed on Ann by another state. *See id.* Although we considered this exact question of statutory interpretation in 2008, we affirmed the decision of the Superior Court in the Assessor's favor without discussion because the Court was evenly divided. *See Day v. State Tax Assessor*, 2008 ME 39, 942 A.2d 685; *Day v. State Tax Assessor*, Nos. AP-04-58, AP-04-59, 2006 Me. Super. LEXIS 284 (July 21, 2006). Accordingly, we now address the issue for the first time on its merits.

[¶16] The plain meaning of an "income tax imposed on [an] individual" excludes taxes that are imposed on, and paid by, business entities. 36 M.R.S. § 5217-A. Unlike in the cases in some other jurisdictions in which an out-of-state tax was held to generate a credit, the New Hampshire business taxes imposed here were not taxes imposed on individuals for *unincorporated* businesses. *Cf. District of Columbia v. Califano*, 647 A.2d 761, 765 (D.C. 1994) (holding, in concluding that an individual was entitled to a credit for paying an unincorporated business tax, that "the term 'individual income tax' cannot rationally denote anything other than an income tax paid by an individual");

*Mathy v. Commonwealth Dep't of Taxation*, 483 S.E.2d 802, 802-04 (Va. 1997) (holding that the District of Columbia's unincorporated business tax is a tax on income). Rather, the New Hampshire taxes were imposed on the LLC's statutorily defined "taxable business profits," N.H. Rev. Stat. Ann. §§ 77-A:1(IV), 77-A:2, 77-A:4 (2012), and the "taxable enterprise value tax base of [a] business enterprise," N.H. Rev. Stat. Ann. §§ 77-E:1(III), (IX), 77-E:2 (2012).[2]

[¶17]  The Goggins focus on the Vermont Supreme Court's holding that Vermont's statute authorizing a tax credit for taxes paid to another state upon "income earned or received from sources within that state" included a credit for out-of-state business taxes paid by a "pass-through" entity incorporated in Vermont. *Tarrant v. Dep't of Taxes*, 733 A.2d 733, 735, 744 (Vt. 1999) (quotation marks omitted).  That case is distinguishable on two bases, however. First, the LLC at issue here is an *out-of-state* LLC and is therefore bound by that state's—New Hampshire's—laws governing the taxation of LLCs. *Cf. id.* at 735. Second, the term "income tax" in Maine's statute is a term of art; the statute does not use broad terminology to provide a credit for all taxes "on income" imposed by other states, including taxes on other states' business entities'

---

[2]  Sections 77-A:2, 77-A:4, 77-E:1(III), and 77-E:2 have since been amended in ways that do not affect the issues on appeal. *See* N.H. Rev. Stat. Ann. §§ 77-A:2, 77-A:4, 77-E:1(III), 77-E:2 (Supp. 2017) (codifying subsequent amendments).

income, but instead provides a credit only for *income taxes* paid by individuals on income derived from other states. *Cf. id.*; *MacFarlane v. Utah State Tax Comm'n*, 134 P.3d 1116, 1119 (Utah 2006) ("Had the Legislature intended a restrictive meaning it could have used the term of art 'income tax' in place of the term 'on income.'").

[¶18] The Goggins did, as they acknowledge, realize some tax benefit due to the exclusion of a portion of the LLC's income expended on New Hampshire business taxes from the amount of the Goggins' federal adjusted gross income for each of the tax years in question. If the tax credit were also applied as the Goggins suggest, it would result in a small windfall to them: they would enjoy both the deduction from their adjusted gross income of a proportionate amount of New Hampshire business taxes paid by the LLC *and* a credit for a proportionate share of the taxes that the LLC paid to New Hampshire. Given our obligation to construe tax credits narrowly, we cannot interpret the income tax credit provision to provide such a windfall to those who pay the New Hampshire business taxes. *See MCI Commc'ns Servs.*, 2017 ME 119, ¶ 7, 164 A.3d 952.

B.     The Commerce Clause

[¶19]  The Goggins further argue that Maine's statute is unconstitutional as applied to them because the Commerce Clause prohibits state tax schemes that do not credit individuals for their income taxes paid in other states.  They argue that the trial court misapplied the applicable four-part constitutional test that was established in *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 279 (1977), and applied to individual income taxes in *Comptroller of the Treasury of Maryland v. Wynne*, 575 U.S. ---, 135 S. Ct. 1787, 1796-97 (2015).

[¶20]   "We review issues of constitutional interpretation de novo." *Bouchard v. Dep't of Pub. Safety*, 2015 ME 50, ¶ 8, 115 A.3d 92.  "A person challenging the constitutionality of a statute bears a heavy burden of proving unconstitutionality[,]  since all acts of the Legislature are presumed constitutional."  *Id.* (alteration in original) (quotation marks omitted).  To overcome the presumption of constitutionality, the party challenging the statute "must demonstrate convincingly that the statute and the Constitution conflict."  *Id.* (quotation marks omitted).  "[A]ll reasonable doubts must be resolved in favor of the constitutionality of the statute."  *Id.* (quotation marks omitted).

[¶21] "The Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes . . . ." U.S. Const. art. I, § 8. "Although the [Commerce] Clause is framed as a positive grant of power to Congress, [the Supreme Court of the United States] ha[s] consistently held this language to contain a further, negative command, known as the dormant Commerce Clause, prohibiting certain state taxation even when Congress has failed to legislate on the subject." *Wynne*, 575 U.S. at ---, 135 S. Ct. at 1794 (quotation marks omitted).

[¶22] Relying on *Complete Auto Transit*, we employ a four-part test to determine whether a tax on an instrumentality of interstate commerce violates the Commerce Clause:

> A tax on instrumentalities of interstate commerce must meet four requirements: (1) it can only be applied to an activity with a substantial nexus with the taxing state; (2) it must be fairly apportioned; (3) it cannot discriminate against interstate commerce; and (4) it must be fairly related to the services provided by the state.

*John T. Cyr & Sons, Inc. v. State Tax Assessor*, 2009 ME 52, ¶ 23, 970 A.2d 299 (quotation marks omitted); *see Complete Auto Transit*, 430 U.S. at 279.

[¶23] The Goggins do not argue the absence of a substantial nexus with Maine or the lack of a fair relationship to the services provided by Maine; they argue only that refusal to allow the credit violates the second and third parts of

the test pertaining to the apportionment of the tax and discrimination against interstate commerce.

[¶24]   A statute governing individual income tax may be unfairly apportioned and may unconstitutionally discriminate against interstate commerce if it results in an individual paying a higher overall amount of income tax on out-of-state income than on in-state income.  *See Wynne*, 575 U.S. at ---, 135 S. Ct. at 1803-04.  For instance, the United States Supreme Court held that a state tax imposed on individuals by Maryland violated the Commerce Clause because it did not include a credit for Maryland taxpayers' payment of income taxes to other states and therefore discriminated against residents who participated in interstate commerce.  *Id.* at 1792, 1803-04.  The Court held that the Maryland tax failed the "internal consistency test," which asks whether the identical application of a tax statute "by every State in the Union would place interstate commerce at a disadvantage as compared with commerce intrastate."  *Id.* at 1803 (quotation marks omitted).  Applying that test, a tax scheme that failed to incorporate a tax credit or other mechanism to account for income tax payments to other states would result in the double income taxation *only* of income derived from interstate commerce.  *See id.*

14

[¶25]  Here, the Maine statute expressly allows a credit for the payment of individual income taxes to other states, *see* 36 M.R.S. § 5217-A, and therefore does not run afoul of *Wynne*.  However, neither the Supreme Court nor we have held that an individual must receive credit for taxes imposed on a *business entity* formed in another state by the taxing authority of that state.  The types of state business taxes that are treated as state income taxes are those that are actually imposed on individuals rather than on entities.  *See, e.g.*, *Califano*, 647 A.2d at 765; *Mathy*, 483 S.E.2d at 802, 804.

[¶26]  Applying the internal consistency test, if all states had Maine's tax statutes—including its statutes regarding the taxation of pass-through entities—there would be no disproportionate taxation of out-of-state income.  *See Wynne*, 136 S. Ct. at 1803 & n.8; *see also* 36 M.R.S. § 5180 (2017) (providing that, for tax purposes, a limited liability company formed under Maine law "or qualified to do business in this State as a foreign limited liability company is classified as a partnership, unless classified otherwise for federal income tax purposes"); 36 M.R.S. § 5190 (2017) ("A partnership as such shall not be subject to the tax imposed by this Part.  Persons carrying on business as partners shall be liable for the tax imposed by this Part only in their separate or individual capacities.").

[¶27]  The difficulty for the Goggins arises from New Hampshire's unusual scheme of taxing a pass-through entity on its profits and enterprise value, making New Hampshire LLCs different entities for tax purposes than the LLCs of Maine.  Although New Hampshire's taxation scheme may create a disincentive to form such entities in New Hampshire, it is not the application of *Maine's* tax laws that creates that result.  Maine's income tax credit statute, 36 M.R.S. § 5217-A, satisfies the internal consistency test.

[¶28]  The Goggins further contend that the *external* consistency test, which focuses on fair apportionment, renders Maine's statute unconstitutional.  That test examines "the economic justification for the State's claim upon the value taxed, to discover whether a State's tax reaches beyond that portion of value that is fairly attributable to economic activity within the taxing State." *Okla. Tax Comm'n v. Jefferson Lines, Inc.*, 514 U.S. 175, 185 (1995).  This test has not been applied for purposes of individual income tax inquiries, likely because of the established legal principle that residence in a state and the consequent enjoyment of the protection of its laws provide a basis for the taxation of individuals' income.  *See Wynne*, 575 U.S. ---, 135 S. Ct. 1787; *Lawrence v. State Tax Comm'n of Miss.*, 286 U.S. 276, 279-80 (1932).

[¶29]  The court did not err in concluding that Maine's tax statutes are constitutionally sound.

The entry is:

Judgment affirmed.

---

James G. Goggin, Esq. (orally), Verrill Dana, LLP, Portland, for appellants James and Ann Goggin

Janet T. Mills, Attorney General, and Thomas A. Knowlton, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State Tax Assessor

Business and Consumer Docket docket number AP-2017-01
FOR CLERK REFERENCE ONLY