STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-22-7

CRAIG FARRINGTON,        )
                         )
        Petitioner,      )
                         )
    v.                   )    **ORDER ON PETITIONER'S**
                         )    **80C APPEAL**
MAINE DEPARTMENT OF      )
INLAND FISHERIES AND     )
WILDLIFE,                )
                         )
        Respondent.      )

Pursuant to Maine Rule of Civil Procedure 80C, Petitioner Craig Farrington

appeals a final action of the Commissioner of Respondent Department of Inland

Fisheries and Wildlife (the "Department"), upholding the Department's suspension

of the petitioner's hunting license for one year. For the following reasons, the

petitioner's appeal is denied.

## BACKGROUND

On November 25, 2020, Farrington shot and killed a deer while hunting. (R.

52.) He did not attach a tag to the deer. (R. 36, 52.) He placed the deer in the back of

his pickup truck, where it was concealed from view by a tonneau cover and closed

tailgate. (R. 36, 53.) He then placed his hunting license in the cab of the truck. (R.

27, 53.) Farrington later encountered two game wardens near his truck, and he told

the game wardens about the deer. (R. 28, 52.) The game wardens noted that

Farrington had exited the woods carrying a gun, a doe bleat call, and a buck grunt

call. (R. 13, 53.) After a brief investigation, the game wardens issued Farrington a

1

summons for Hunting Deer After Having Killed One, 12 M.R.S. § 11501.2, and Failure to Attach Deer Tag, 12 M.R.S. § 11502(2).[1] (R. 13, 52-53.)

On June 21, 2022, a jury found Farrington not guilty of Hunting Deer After Having Killed One. *State v. Craig L. Farrington*, No. SOMCD-VI-2021-00022 Unified Criminal Docket (Somerset Cnty., June 21, 2022). (R. 6, 20, 52.) On the same date, the trial court found that Farrington had committed the civil offense of Failure to Attach Deer Tag and imposed a fine. (R. 6, 20, 52-53.). Farrington did not contest the court's finding. (R. 52.) Approximately two weeks later, Farrington received notice from the Department that his hunting license was suspended for a period of one year in accordance with 12 M.R.S. § 10902(1). (R. 52.)

Farrington appealed his suspension to the Department on July 29, 2022. (R. 19.) The Department held an administrative hearing on September 26, 2022. (R. 22-51.) Farrington was represented by counsel and testified on his own behalf. (R. 26-49.) The Commissioner issued a written decision on September 23, 2022, upholding the suspension. (R. 52-53.) Farrington now appeals that decision, arguing that (1) 12 M.R.S. § 10902(1) is unconstitutionally vague and delegates too much authority to the Department, (2) the Department acted arbitrarily and capriciously, and (3) the suspension was not warranted. The court has reviewed the parties' briefs and has concluded that oral argument is unnecessary. *See* M.R. Civ. P. 80C(l).

---

[1] Farrington was also summonsed for Illegal Transportation of Animal, but it appears that that charge was withdrawn or dismissed prior to trial.

## 80C STANDARD OF REVIEW

The Superior Court's review of final actions by state agencies is governed by the Maine Administrative Procedures Act, 5 M.R.S. §§ 11001-11008, and M.R. Civ. P. 80C. The court will sustain an agency's decision if "on the record before it, the agency could have fairly and reasonably found as it did." *Seider v. Bd. of Examiners of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551. The court may reverse or modify an agency's decision if it violates a constitutional or statutory provision, exceeds the agency's authority, is procedurally unlawful, is affected by bias or error of law, is not supported by substantial evidence in the record, or is arbitrary or capricious or an abuse of discretion. 5 M.R.S. § 11007(4)(C). The court shall not substitute its judgment for that of the agency on questions of fact. 5 M.R.S. § 11007(3). The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 134, ¶ 3, 985 A.2d 501.

## DISCUSSION

### I.     12 M.R.S. § 10902(1)

"A person challenging the constitutionality of a statute bears a heavy burden of proving unconstitutionality, since all acts of the Legislature are presumed constitutional." *Somerset Tel. Co. v. State Tax Assessor*, 2021 ME 26, ¶ 30, 259 A.3d 97 (quoting *Goggin v. State Tax Assessor*, 2018 ME 111, ¶ 20, 191 A.3d 341). When evaluating the constitutionality of a statute, the court "will, if possible, construe [it] to preserve its constitutionality." *Friends of Maine's Mts. v. Bd. of Envtl. Prot.*, 2013 ME 25, ¶ 21, 61 A.3d 689 (quotation marks omitted).

3

In the instant case, Farrington argues that 12 M.R.S. § 10902(1) is vague and delegates too much authority to the Department. "A statute is void if it is too vague or if it delegates too much authority to the administering body." *Doane v. Dep't of Health and Hum. Servs.*, 2021 ME 28, ¶ 16, 250 A.3d 1101. The two overlapping doctrines "have different sources of authority and emphases," but both have the goal of "avoid[ing] arbitrary decision-making." *Id.* ¶¶ 16-17.

A.    *Vagueness*

"A 'void for vagueness' claim is based on the due process protections set forth in the United States and Maine Constitutions and focuses on the need for adequate notice." *Id.* ¶ 17. "A statute may be void for vagueness when people of common intelligence must guess at its meaning." *Guardianship of Chamberlain*, 2015 ME 76, ¶ 11, 118 A.3d 229 (quoting *State v. Peck*, 2014 ME 74, ¶ 10, 93 A.3d 256). In a void-for-vagueness challenge, the court tests a statute not by analyzing its facial validity, but by "testing it in the circumstances of the individual case," to determine "whether the statutory language was sufficiently clear to give the defendant adequate notice" that his actions were unlawful. *In re Weapons Restriction of J.*, 2022 ME 34, ¶ 22, 276 A.3d 510 (quoting *State v. Reckards*, 2015 ME 31, ¶ 4, 113 A.3d 589).

Here, section 10902(1) of Title 12 provides, in relevant part:

Any conviction or adjudication for a violation of this Part is grounds for suspension of any license or permit issued under this Part. Except where provided by law, the commissioner shall determine the suspension period.

4

12 M.R.S. § 10902. By its plain terms, the statute authorizes the Commissioner to suspend the hunting license or permit of any person who has been convicted or adjudicated of violating the fish or wildlife laws found within Part 13 (titled "Inland Fisheries and Wildlife") of Title 12 (titled "Conservation") of the Maine Revised Statutes. Testing § 10902(1) in the circumstances of this case, Farrington was adjudicated of Failure to Attach Deer Tag, in violation of 12 M.R.S. § 11502(2), a wildlife law within Part 13 of Title 12. It is clear from § 10902(1) that such an adjudication is grounds for a hunting license suspension. The statute requires no guesswork by those of ordinary intelligence, and it is sufficiently clear for the purposes of notice.

## B.    Excessive Delegation

"An 'excessive delegation' claim is based on the separation of powers clause of the Maine Constitution, which precludes a statutory delegation to a regulator so broad or amorphous that it amounts to a surrender of legislative authority to the executive branch." *Doane*, 2021 ME 28, ¶ 17, 250 A.3d 1101. Because they are subject to the Maine Administrative Procedure Act and its procedural protections, legislative delegations of authority to state agencies are permitted greater flexibility than municipal delegations of authority to local boards and committees. *Id.* ¶ 22. In cases where enacting "detailed specific standards is impossible, the presence of adequate procedural safeguards to protect against an abuse of discretion . . . may be taken into consideration in resolving the constitutionality of the delegation of

5

power." *Uliano v. Bd. Of Env't Prot.*, 2009 ME 89, ¶ 26, 977 A.2d 400 (quoting *Finks v. Me. State Highway Comm'n*, 328 A.2d 791, 796 (Me. 1974)).

A person whose license is suspended pursuant to § 10902(1) has the right to a hearing upon written request. 12 M.R.S. § 10905. At that hearing, the licensee may present evidence related to the violation. *Id.* § 10905(1). Then, the Commissioner may reinstate the license or reduce the suspension if it would be "in the best interests of justice." *Id.* § 10905(2). "The phrase 'in the best interests of justice' is broad, but it does guide the agency's decision." *Wood v. Me. Dep't of Inland Fisheries & Wildlife*, No. AP-22-04, 2022 Me. Super LEXIS 135, at *7 (Nov. 21, 2022).

In *Wood*, the Superior Court (Androscoggin Cnty., *Stewart, J.*) considered a petitioner's excessive delegation challenge to a mandatory license suspension under § 10902(4). *Id.* at *5. Although the instant case involves a non-mandatory suspension under § 10902(1), the analysis in *Wood* is instructive. The court reasoned that it "would not be possible for the Legislature to furnish detailed standards for every situation the Commissioner may be called upon to consider, as these cases are specific to each individual." *Id.* at *7. It thus looked to the procedural safeguards involved. Finding those safeguards to be sufficient to protect against potential abuses of discretion, the court determined that the delegation was constitutional. *Id.* Here, as in *Wood*, Farrington had the right to a hearing before the Commissioner and the right to appeal the Commissioner's decision to this court. *Id.* These procedural safeguards protect against possible abuses of discretion. The delegation of authority was not unconstitutional.

6

## II.    Arbitrary and Capricious

Farrington next argues that the Department acted arbitrarily and capriciously in suspending his license. Specifically, he alleges that the Department suspended his license to retaliate against him for prevailing in his criminal trial, and that vesting the Department with such discretion leads to arbitrary and capricious decision-making. The "arbitrary or capricious" standard is high; the court will "not find that an administrative agency has acted arbitrarily or capriciously unless its action is 'willful and unreasoning' and 'without consideration of facts or circumstances.'" *AngleZ Behav. Health Servs. V. Dep't of Health and Hum. Servs.*, 2020 ME 26, ¶ 23, 226 A.3d 762, 768. The agency will prevail unless "the record compels contrary findings." *Kroeger v. Dep't of Env't Prot.*, 2005 ME 50, ¶ 8, 870 A.2d 566. The record in this case does not compel such a finding.

Farrington admits that he was adjudicated of Failure to Attach Deer Tag (Br. 1.), and he has presented no evidence that the Department was biased against him. Instead, the Commissioner appropriately determined that (1) due to Farrington's adjudication of Failure to Attach Deer Tag, sufficient grounds existed for the suspension of his hunting license, and (2) reducing the length of the suspension was not in the best interests of justice. The burden is on the petitioner to persuade the court that there is a sufficient basis to reverse or modify the Commissioner's decision. *See Help-U-Sell, Inc. v. Me. Real Estate Comm'n*, 611 A.2d 981, 984 (Me. 1992). Farrington has not met that burden.

7

## III. Grounds for Suspension

Finally, Farrington contends that the suspension was not warranted. In his brief, he argues:

> Mr. Farrington had ordered his license online, which means he did not receive the tag necessary to attach to a deer after shooting one. The law required that he keep his license with the deer. Mr. Farrington did just that. He left his license in the vehicle with his deer, as required by Maine law.

This appears to be an impermissible collateral attack on the court's previous finding that Farrington committed the civil offense of Failure to Attach Deer Tag. *See Bailey v. City of Lewiston*, 2017 ME 160, ¶ 10, 168 A.3d 762 ("It is well established that a valid judgment entered by a court, if not appealed from, generally becomes res judicata and is not subject to later collateral attack." (quoting *Standish Tel. Co. v. Saco River Tel. & Tel. Co.*, 555 A.2d 478, 481 (Me. 1989))). Even so, the argument has no merit. Farrington did not comply with the requirements of the applicable statute, which provides: "a person may not possess . . . a deer killed by that person unless the deer has securely *attached to it* a plainly visible tag that conforms to the requirements established under this section." 12 M.R.S. § 11502(2) (emphasis added). Farrington testified that the deer was in the back of his truck and that his license was in the cab. (R. 27.) The statute makes clear that it was not sufficient for Farrington to leave his license in the truck; rather, he needed to attach the license to the deer in a way that was plainly visible.

8

The court accordingly orders as follows:

> Petitioner Craig Farrington's appeal pursuant to M.R. Civ. P. 80C is DENIED. The Commissioner's final decision is AFFIRMED.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 4/26/23

_____
Julia M. Lipez
Justice, Superior Court

9